STATE OF MISSOURI, Respondent, *vs.* CRUISE, Appellant.

1. The Supreme Court will not disturb the finding of facts by a jury in a criminal case, unless manifest injustice and wrong have been done ; nor will it control the discretion of the court below, in granting new trials, unless in cases strong and unequivocal.

*Appeal from St. Louis Criminal Court.*

*Blennerhassett & Shreve,* for appellant, contend that the evidence in this case does not sustain the indictment, and that the verdict of the jury is erroneous, even if the instructions were proper. There was no proof of violence or intimidation, one of which must exist to constitute the offence, in either of its three degrees known to the statute. Rev. Stat. sec. 25, p. 358. There is no material difference between the elements of the offence at common law and as defined in the 25th sec.

of our statute, p. 358. See Archbold's Crim. Plead. 224, 227. 2 East. P. C. 702. Ib. 103. 1 Hale, 534. Chitty's Cr. Law, 111, 840 & 5. The instructions are erroneous.

*Lackland*, circuit attorney, for State.

It does not appear from the record that any instructions were asked or given. The question whether defendant was guilty of the crime charged is one purely of fact, and the jury have found the fact against the defendant, and the evidence is sufficient to support the charge. It is the settled law of this court, that the verdict of a jury will not be disturbed if there be any testimony to support it.

Authorities cited : *Commonwealth* v. *Snelling*, 4 Binn. 379. *Kerley* v. *State*, 3 Humph. 289, see p. 304. 3 Gratt. 594, p. 611. Hill's case, 2 Grat. p. 602. *Roberts* v. *State*, 3 Kelly, 322-3. *Meyers* v. *State*, 2 English's Rep. 174. 4 Pike, 87, *Waller* v. *State*.

RYLAND, Judge, delivered the opinion of the court.

The defendant was indicted in the St. Louis Criminal Court for robbery. He was convicted, and sentenced to ten years' imprisonment in the state penitentiary. He moved for a new trial, which being refused, he excepted, and brings the case here by appeal. It seems from the record that the evidence is saved by the bill of exceptions ; but no instructions appear on the record, either as given or refused. No point of law appears by the record to have been raised in the court below. The evidence was left to the jury, and without any declaration of law from the court, by either party, they found the guilt of the defendant.

This is not such a case as justifies the court in interfering with the finding and judgment of the court and jury below. We have looked into the indictment, and finding that sufficient, the judgment below will not be disturbed. The presumption is in favor of the verdict. Unless the record affirmatively overthrows this presumption, we cannot disturb it, and it must do this in such a manner as to show that manifest injustice and wrong have been done the prisoner. 4 Pike, 89.

State v. Cruise.

In the case of *Roberts* v. *State of Georgia*, 3 Kelly, 322, speaking of new trials, the court said : " The second ground, (that is, of the motion for new trial) admits that there was some evidence against the prisoner, but asserts that the weight of it was in his favor. Whether this was so or not, was a question for the jury to determine ; their verdict negatived the idea that it was. It is their duty to weigh the evidence, reconcile it when conflicting, and to judge of the credibility of witnesses. Not only so, but it is the right of the parties that they shall discharge their duty. Applications for new trials are left to the discretion of the court ; and the court will not, but in a case of manifest injustice, disturb the verdict of a jury. And when the court has exercised its discretion, and refused a new trial, this court will not interfere and control that discretion, but in cases that are strong and unequivocal."

In *McWhirt's* case, decided by the General Court of Virginia, in 1846, 3d Grattan's Rep. 611, that court observes : " Moreover, the jury who convicted the prisoner were the proper tribunal to weigh the facts and circumstances, as well as the testimony in the case ; and in conformity with the principles in regard to granting new trials, settled in McClure's case, 2 Rob. Rep. 771, and Hill's case, 2 Grattan, 232, the court cannot, even if this court had differed from the finding of the jury, undertake to set aside the verdict because the jury decided against the evidence, or without evidence."

We think the language of these courts, as above quoted, so far as regards the granting of new trials by the lower courts, too strong. New trials are always addressed to the discretion of the courts in which the trials are had at first, and we hesitate not in saying, that the exercise of such discretion, in cases of doubt and uncertainty, may very much tend to the protection of the innocent, and greatly promote a proper and safe administration of the criminal law.

But we agree in the views entertained by these courts, so far as regards the duty of appellate courts. We will not interfere with the finding of the facts, unless manifest injustice

25—VOL. XVI.

and wrong have been done.  Nor will we control the discretion of the lower courts, but in cases "strong and unequivocal." We think the lower courts should be liberal in exercising their discretionary powers on this subject in cases of doubt and uncertainty.  This court must rely much upon their discretion,

Upon the whole of this case, then, the opinion of this court is, that the judgment of the court below be affirmed.  The other Judges concurring, the judgment is affirmed.