State vs. White.

## No. 8716.

### The State of Louisiana vs. Charley White.

A new trial will not be granted by the Supreme Court unless it appear that injustice has been done. A large discretion is entrusted to the lower court in the matter of granting new trials which will not be interfered with except for grave reasons. If the ground for a new trial be the insufficiency of the evidence to convict, the Supreme Court will not consider, it, that being a question for the jury alone and exclusively.

The Judge has a right to order the jury to reconsider its verdict when a palpable mistake has been made, such as finding the prisoner guilty of an offence not known to our law. It is his duty to exhibit the mistake to them, and to explain the different verdicts they may find under the indictment.

The Jury Act of 1877 is in force, and was in no manner repealed or affected by the new Constitution.

A motion in arrest, on the ground that there is no law for the selection and composition of juries by reason of the alleged repeal of all statutes on that subject, is in substance a challenge to the array, and must be made before pleading to the indictment. The objection comes too late in a motion for arrest of judgment.

APPEAL from the Twenty-third District Court, Parish of Iberville. Cole, J.

*J. C. Egan*, Attorney General, for the State, Appellee:

1. The Court has a right to direct the jury to reconsider their verdict before it is recorded, and it is its duty to do so when satisfied that there has been a palpable mistake. 3 Parker, 552; Proffatt on Jury Trials, Sec. 450.

2. A motion for a new trial based on the insufficiency of the evidence to convict is a matter entirely within the province of the jury; it presents no unmixed question of law and will not be considered by this Court.

3. "All objections to the manner of drawing juries, or to any defect or irregularity that can be pleaded against any array or venire, must be urged on the first day of the term, or all such objections shall be considered as waived, and shall not afterwards be urged." Sec. 11, Act No. 44 of 1877.

4. Act No. 44 of 1877 is not in conflict with nor repealed by Arts. 116, 47 and 48 of the Constitution of 1879.

5. It has been continued in force and effect by Act No. 54 of 1880.

6. Act No. 54 of 1880, is not a "local" or "special" law and does not contravene Art. 47 of the Constitution.

7. The terms "local" and " special" are used in contradistinction with " public," in reference to laws.

8. Act No. 54 of 1880 embraces but one object, the formation of good and impartial juries, and that object is expressed in its title.

*Barrow & Pope* for Defendant and Appellant.

The opinion of the Court was delivered by

Manning, J. Upon a conviction of murder without capital punishment, the prisoner was sentenced to hard labor for life.

1. An exception was taken to the Judge's refusal of a new trial, and the evidence is set out in the bill.

Applications for new trials are founded upon the supposition that some injustice has been done, and without proof to that effect they are invariably denied. State vs. Camp, 23 Vermont, 551.

A new trial ought never to be granted, notwithstanding some mistake or even misdirection of the Judge, provided the revising court is satisfied that justice has been done, and that upon the evidence no other verdict could have been found.    Johnson vs. The State, 14 Georgia, 55.

The Supreme Court of Missouri will not interfere with the finding of the facts by a jury in criminal cases unless it is a case where manifest injustice and wrong have been done, the presumption being in favor of the verdict, nor will it exercise any control over the discretion of the lower courts except in cases strong and unequivocal.    State vs. Craise, 16 Mo. 391.

It must be a very clear case of error in law, or a very naked, bald case as to the facts, which will authorize the Supreme Court of Georgia to control the court below, where it has a discretion to grant or refuse a motion for a new trial in criminal cases.  Jones vs. State, 1 Kelly, 610.

The spirit of these decisions pervades the administration of criminal law in this State.    The lower Judge is allowed a large discretion on this matter which will not be interfered with unless for grave reasons. Besides, the sufficiency or insufficiency of the evidence to convict is a question confided by our law and jurisprudence to the jury alone, and will not be considered by this Court.

2.    The jury having returned a verdict, "guilty of murder second degree without capital punishment," the prosecuting officer moved that they be ordered to retire again, when the court told the jury there was no crime of murder in the second degree in this State, and explained the different verdicts they could render upon the indictment, and the punishments the law awarded to each.    On returning from their second retirement they presented the qualified verdict of murder first above mentioned.

There was no error in this.    No exception is taken to the correctness of the Judge's charge.   It was the duty of the Judge to direct the jury to reconsider their verdict when they had made a palpable mistake, and it was certainly a mistake to convict of an offence not known to our law.    Rev. Stats. Sec. 785; People vs. Bush, 3 Parker, 552; State vs. Gilkie, just decided.

3.    A motion in arrest of judgment is based upon the allegation that the jury was not drawn in accordance with any existing law, and that the Act of 1877, p. 55, has been repealed by the Constitution of 1879.

This point has been very lately disposed of in the case of State vs. Thomas, not yet reported. But if the objection had any force, it comes too late.    It is in substance a challenge to the array which must be made before pleading to the indictment.  1 Bishop Crim. Proc. §§874-889.

Judgment affirmed.