## HILL'S ADM'R *vs.* KENNEDY.

[ACTION FOR MONEY HAD AND RECEIVED.]

1. *When action lies against receiver of bank-bills.*—An action for money had and received lies against one who received current bank-bills for the use of another, on proof that he used or treated them as money.
2. *When demand is necessary.*—In such action, proof of a conversion by the defendant before suit brought dispenses with the necessity of a demand.

APPEAL from the Circuit Court of Bibb.

Tried before the Hon. C. W. RAPIER.

THIS action was brought by Samuel W. Davidson, as the administrator of Pleasant Hill, deceased, against Josiah S. Kennedy. No pleas appear in the record. The evidence adduced on the trial, as set out in the bill of exceptions, was substantially as follows: The plaintiff proved, that he sold six bales of cotton, belonging to his intestate's estate, to Philpot & Lapsley, of Selma, and directed them to send the proceeds, which amounted to $219, by the hands of the defendant, on his return from Mobile to Centreville; that the money was counted out by one of the partners of the firm of Philpot & Lapsley, and handed to one Alexander, their book-keeper, with instructions to deliver it to the defendant, who was then about leaving Selma, on the railroad, on his return to Centreville. Alexander testified, that he went to the railroad depot with the money, and there handed it to the defendant, together with the account of sales, in an unsealed envelope directed to Bernhard & Davidson; that the defendant, on receiving it, jestingly said, "Are you not afraid that I will run away with so much money?" and that the money was in current bank-bills, mostly of Georgia banks, with perhaps some few of the South Carolina banks. The plaintiff's agent afterwards called on Philpot & Lapsley for the money, and, on being informed that they had sent it by the defendant, "called on defendant for the money, who stated that he had not got it." Bernhard, one of

the firm of Bernhard & Davidson, also testified, "that, having been informed that Philpot & Lapsley had sent the money to them by the defendant, he called on the defendant for the money, who stated to him that he had no recollection of having received it, but that if he did receive it, it must have been at the clerk's office at the warehouse of the railroad depot at Selma." The court charged the jury, "that upon the evidence aforesaid, they must find a verdict for the defendant;" to which charge the plaintiff excepted, and which he now assigns as error.

JOHN F. VARY, for the appellant.

I. W. GARROTT, and J. R. JOHN, contra.

WALKER, J.—Notwithstanding the defendant received current bank-bills, he is liable in an action for money had and received, if he used them, or treated them as money.—Stewart v. Conner, 9 Ala. 803. The evidence conduces to show that the defendant did treat them as money. It was not competent for the court to assume that there was no testimony, from which the jury might infer that the defendant had used the bank-bills as money. Williams v. Harrison, 19 Ala. 286.

[2.] The charge of the court is not defensible, upon the ground that there was no proof of a demand. But, if there had been no demand, the evidence conduced to show a conversion, which would have dispensed with the necessity of proving the demand. The bill of exceptions does not disclose with certainty whether the demand or conversion was before the commencement of the suit. It was proper to have left that question to the jury, with instructions that they should not find for the plaintiff unless the evidence showed there was a demand or conversion before the commencement of the suit.

The judgment of the court below is reversed, and the cause is remanded.