THE UNITED STATES OF AMERICA, Appellee, v. CHARLES LEWIS, *alias* CHARLES FOSTER, Appellant.

*January, 1883.*

CRIMINAL LAW. (1) *Feloniously obtaining registered letter : Principal and agent, authority of latter to take letter from the office : Demurrer to evidence.*

NEW TRIAL. (2) *Refusal of court to grant new trial an abuse of discretion when, under the evidence, the defendant should have been discharged.*

APPEAL. (3) *Discharge of prisoner upon appeal to Supreme Court.*

1. Where it had been the custom of several persons living some distance from the post-office to delegate one of their number to bring their mail from the post-office whenever he called there, this amounts to a general authority to such one to get such mail matter, and if, pursuant to such authority, he takes a registered letter from the office belonging to one of such persons, he is not guilty of fraudulently and feloniously obtaining such letter from the postmaster, although after thus obtaining it from the postmaster he converts it to his own use; and if indicted for feloniously obtaining the letter and the evidence shows the foregoing state of facts, a demurrer to such evidence will lie upon which the defendant should be discharged.

2. Where, in such case, the evidence is not demurred to, but instead a motion for a new trial is made, a new trial should be granted, and if refused, the refusal is an abuse of the discretion of the court below as to granting new trials, and its judgment will be reversed.

3. There being no evidence in the court below to sustain the conviction of one charged with a felony, on appeal to the Supreme Court, that tribunal will not remand the case for a new trial, but will direct that judgment below be reversed, and that the defendant be discharged.

Appeal from the District Court of the First Judicial District.

*Caypless & Breeden,* for appellant.

*Sidney M. Barnes,* United States District Attorney, for the United States.

There is no error in the finding of the jury or the judgment of the court. The judgment of conviction should be sustained; the indictment in this case is under section 5469 of the Revised Statutes of the United States, page 1060.

The case of *Webb v. Territory of New Mexico*, decided at January term, 1881, *ante*, p. 147, is conclusive of this case and an affirmance is asked.

BELL, Associate Justice: The appellant was convicted under an indictment which charged that he did unlawfully and feloniously, and by fraud and deception, obtain from Edward H. Bergman, postmaster, at Springer, N. M., one registered letter addressed to William H. Breen, at that place, and which letter contained money.

This is the substance of the charge, which is stated formally. It is not disputed that the appellant received the letter in question from Mr. Bergman, the postmaster at Springer, and that it contained money, and the only issue presented to the jury was whether the appellant unlawfully and by fraud and deception obtained it as charged in the indictment.

The evidence on the trial showed that the appellant and Breen were both employed on the ranch of one Myers, some 45 miles from Springer. That the appellant had frequently theretofore gone to Springer from the ranch and brought out the mail of the complaining witness, of Mr. Myers and other persons in that vicinity. The testimony of the postmaster, Mr. Bergman, in that regard is as follows:

" Lewis had been in the habit of coming to the post-office at Springer; he had been there time and again to receive mail matter for Mr. Myers and the vicinity."

The complaining witness, Wm. H. Breen, testified as follows:

Q. Did you at any time before the 10th day of May, 1880, (the day the letter was received by the appellant) give him (the appellant) any directions or authority to receive your mail from the postmaster at Springer?

A. I did, sir.

Q. When?

A. I couldn't exactly tell what time; he would go to

Springer and I would tell him to get my mail; it was the custom of that part of the country.

Q. When did you last authorize him to get letters for you?

A. I think it was on the 4th of May.

. Q. Now, on the 4th day of May, when you saw Lewis last, what were you and Lewis doing?

A. We were in the house talking; he was going to Springer and I told him to get my mail, if there was any there.

Q. Was that the last time you saw him before he got the letter?

A. That was the last time.

\* \* \* \* \* \* \* \* \* \*

Q. Had you authorized Mr. Lewis before to get your mail?

A. Yes, sir.

\* \* \* \* \* \* \* \* \* \*

Q. Mr. Breen, was it not customary for yourself and others who were working for Mr. Myers at that ranch to send after mail by Mr. Lewis to Springer?

A. It was.

Q. And Mr. Lewis brought the mail frequently, did he not?

A. Yes, sir.

\* \* \* \* \* \* \* \* \* \*

This witness further testified that he had not authorized the appellant to get that particular letter, but that was immaterial, as the evidence does not show that he either expected the letter in question or knew that it was in the post-office at the time of its delivery. The authority given to him was to get his, the complainant's, mail generally, and of course that included all letters of any kind that might be at the office.

The postmaster testified, in addition to his testimony already quoted, that the appellant came to his office on the 9th of May, and that he then refused to give him the letter, but on the 10th he delivered it to him on his representation

that Breen was twelve or fifteen miles away from the ranch and could not come for it. There was no evidence to disprove this statement of the appellant.

This is substantially all the evidence showing how the accused became possessed of the letter. The jury convicted him of the offense charged in the indictment.

A motion for a new trial was then made, for the following reasons :

*First.* "That the verdict was contrary to the law and the evidence in said cause.

*Second.* "That the jury was not authorized to find a verdict of guilty upon the evidence produced upon the trial of said cause, and that said verdict was unwarranted by the facts."

The motion was denied, and error is assigned on this denial.

We are of opinion that had a demurrer been interposed to the evidence, it would have been the duty of the court below to have directed an acquittal of the defendant.

That course was not taken, but we are asked to review the action of the judge who presided in denying a new trial.

The rule of law is, we think, well settled, that a motion for a new trial is addressed to the discretion of the court and is not ordinarily reviewable. But when the discretion of court has been abused and has resulted in injustice, then the appellate court will interfere. A difference of opinion as to the proper course of proceeding would not be sufficient. An appellate court must be able to say that the course pursued was not only improper, but that it operated unjustly and injuriously to the party : ——— *v. State*, 11 Ohio St., 114. We think the case at bar comes fairly within the class of cases referred to in the case cited.

It is quite certain, from the evidence, that the appellant was fully authorized to receive the letter in question, and though the authority under which he acted on the particular

occasion was given to him some four days before he acted on it, yet when the distance of post-office from the ranch is considered, and the fact that he had been acting on similar authority for some months at least, it is not to be presumed that the mere lapse of a few days had operated to revoke the general authority with which it seems that he was vested. The authority was not revoked expressly, according to the evidence of the complainant, and we think he was entirely justified in acting on it.

What he did with the letter and its contents after receiving it is wholly immaterial, though it is probable that the belief in the minds of the jury that he improperly converted them to his own use was what led them to convict him.

On all the evidence, it was, in our judgment, clearly the duty of the presiding justice to set the verdict aside and order a new trial; it was an abuse of the discretion with which he was vested to do otherwise.

The case being now in this court, we are also of opinion that, on the evidence, no conviction could properly be had and, therefore, we do not send it to the court below for a new trial, but direct that the judgment be reversed and the defendant discharged from further custody under this indictment.

AXTELL, C. J: I concur.