## THE TERRITORY OF NEW MEXICO, Appellee, v. DAMIAN ROMERO, Appellant.

### *January 16, 1883.*

NEW TRIAL. (1) *Granting of, discretionary: Decision not reviewable except where discretion abused.*

GRAND·JUROR. (2) *Objection to, must be made, when.*

PRACTICE. (3) *Review of matters extraneous to record.*

MURDER. (4) *Instruction as to degrees.*

SAME. (5) *Instruction limiting jury to consider evidence only with reference to first degree.*

1. The granting of a new trial is discretionary with the court below, whose decision will not be reviewed or reversed except for a manifestly gross abuse of its discretion, causing great injustice.

2. An objection to a grand juror, that he was not a citizen of the United States, comes too late after a plea to the merits. It is not ground for a motion in arrest of judgment.

3. Matters outside of the record are not reviewable by the Supreme Court.

4. A trial court is only required to charge as to such degrees of the crime of murder as there is evidence in the case tending to sustain. It is, however, its duty to charge as to *all* such degrees, and a failure so to do is error, if objected to in time.

5. It appeared from the evidence that the defendant, charged with murder, was arrested more than a hundred miles from the scene of the crime, having in his possession the watch, coat and cap of the deceased, and that, when arrested, he confessed to having taken also a race horse which had belonged to the deceased, and which he had sold in the vicinity where he was arrested; and there was, besides, other evidence which led the jury to believe that the defendant killed the deceased for the purpose of robbery: *Held,* that an instruction to the jury that there was "no evidence whatever to show that the killing of the deceased was justifiable or excusable, or that there were any circumstances to bring it within the definition of any degree of murder less than the first," is not erroneous.

Appeal from the District Court for Colfax county.

*William Breeden,* attorney-general, for the territory, appellee.

*Frank Springer* and *W. D. Lee,* for appellant.

BELL, Associate Justice.   The appellant in this cause was indicted for the offense of murder in the first degree, at the regular term of the district court of the first judicial district of the territory of New Mexico, held in and for the county of Colfax at the March term of said court for 1882.

Thereafter, and at the same term of the said court, he was tried by a petit jury and convicted of the offense charged in the indictment, to wit, the crime of murder in the first degree. Following the conviction a motion was made for a new trial, for various reasons set forth in the notice of said motion filed in the cause, and appearing upon the record.

The court below denied the motion for a new trial.

That motion is not reviewable in this court, excepting only in a case where the discretion with which the court is vested, in that regard, has been grossly abused and great injustice has followed.

The question was recently considered in this court in the case of the *United States v. Lewis*, and the law held to be as herein stated.

In the case of the *Territory v. Webb*, *ante*, p. 147, the rule is laid down to be :   "When the evidence is contradictory and the verdict is against the weight of evidence, though a new trial may be granted by the court trying the cause, in their discretion, their decision denying the same is not examinable by an appellate court :"   *Territory v. Webb*, Opinions of Supreme Court, p. 70, *ante*, p. 147, citing, *State v. Cruise*, 16 Mo., 391 ; *Herbon v. The State*, 7 Texas, 69.

In the same case, this court further holds that, "if there had been no part of the evidence, which if true, would sustain the verdict, then an error of law would have been apparent from the record upon which we could reverse the judgment.

"Under the rules governing the judicial administration of the criminal laws of this territory, this court can only review and determine errors of law appearing on the face of the

record :"    *Territory v. Webb, supra,* and citing *Cathcart v. The Commonwealth,* 37 Pa., 108.    This view of the law we reaffirm in this case.

We are clearly of the opinion, upon examination of the evidence, that it was not an abuse of the discretion of the court below to deny the motion, and therefore we cannot consider it here.

After the denial of the motion for a new trial, counsel for the appellant filed a motion in arrest of judgment, based upon affidavits charging that one of the grand jurors who presented the indictment against him to the court, was not a citizen of the United States.

That motion was also denied and we think properly so.

From the record it appears that this question was not raised until after the verdict.

It is perfectly well settled, that objection to the character of the grand jury, or the qualification of an individual member of it, comes too late after plea to the merits.

Bishop, as the result of an examination of the decisions on this subject, states the rule to be :    " The courts will refuse to hear objections to the persons composing the grand jury or the manner in which it is impanelled, after the case has been tried by the petit jury :"    1 Bish. Crim. Law, 997, and the numerous cases there cited.

The same author in his work on procedure :    " It is too late, after the verdict, to raise an objection of this class ; as, that the grand jury was not lawfully constituted or a particular member disqualified :"    1 Bish. Crim. Prac., 887, and cases there cited.

It follows from the authorities cited, that there was no error in the court denying the motion in arrest of judgment for the reason assigned.

We now come to the consideration of the only question, which, we think is properly presented by the record for the determination of this court.

Error is assigned upon the following instructions given by the court to the jury: "In this case there is no evidence whatever to show that the killing of the deceased was justifiable or excusable, or that there were any circumstances to bring it within the definition of any degree of murder less than the first."

It is contended by the counsel for the appellant, that the court should have instructed the jury as to all the degrees of murder declared by the statute of the territory.

This is the only exception taken to the charge of the court below, and is therefore the only question which is reviewable here.

We think the law upon this subject is well settled, not only in this territory, but throughout the states of the Union, and we think the rule to be, that the court is only required to charge as to such degrees of the crime of murder as there is evidence in the case tending to sustain.

We deem it to be the duty of the court to charge as to all such degrees, and that a failure to do so is error, if objected to at the proper time.

In the *People v. Williams*, the Supreme Court of California held: "It is not error for the court to refuse an instruction in a criminal case which is not pertinent to the facts: 32 Cal., 280.

The same court in another case similar to the one at bar, used the following language: "If on the trial for murder there is no evidence of facts and circumstances, such as would under the law reduce the crime charged to manslaughter, the judge may so inform the jury, and charge them that they cannot consider the question of manslaughter:" *People v. King*, 27 Cal., 507.

In the case of *State v. Grant*, 7 Oregon R., cited by counsel for the defendant, the court holds that the degree of guilt, as well as the question of guilt, should be left to the jury,

but that was only in cases where there was evidence of more than one degree of crime.

The court in that case nowhere holds that it is the duty of the presiding judge to charge as to every degree of murder, whether there is evidence tending to sustain all the degrees or not.

In the case of *The State v. Glyden*, 51 Iowa, also cited by defendants' counsel, the court there expressly holds that it was not error for the court below to limit the consideration of the jury to the question of murder in the first degree, for they say that, from an examination of the record, they are of opinion that the facts showed the case to be one of murder in the first degree.

The counsel for the defendant also cited the case of *The People v. Dun*, 1 Idaho, p. 74.

That case decides the law to be precisely as we have here declared it.

It says: "A court is not bound to give instructions based on a supposed state of proof which does not exist. A defendant may insist on instructions that are sound law in the abstract, but, unless they have some application to the proof in the case, the court should refuse them, as having a tendency to confuse and mislead the jury. In the trial of a prisoner on a charge of murder, involving the penalty of death, while it is safe to give him the benefit of all presumptions, yet if the court sees no evidence to reduce the grade of the offense, it has the right to withhold an instruction which presupposes such testimony."

In this territory the same view of the law has been uniformly taken by the Supreme Court.

In the case of *The Territory v. Young*, ante, p. 93, where exactly the same question was raised, the court says: "The reading of the entire law as to homicide to a jury in each case would not only be useless, and as to some of the sections absurd, but would tend to confuse their minds, and make it

almost impossible for them to distinguish what the real crime, as proved is, and to agree on a proper verdict." &ast;

&ast;      &ast;      &ast;      &ast;      &ast;      &ast;      &ast;

" It is within the power, and we think it is the duty of the judge presiding to simplify and make clear the duties of the jury as far as possible, by eliminating from these degrees, which are in effect made by our law distinct crimes, any which the case certainly is not :" *Territory v. Young,* Opinions of Supreme Court, p. 36, *ante,* p. 93.

A careful examination of the evidence, as shown by the record, satisfies us that the appellant was either guilty of murder in the first degree, or he was innocent of the crime charged.

All the evidence shows that the deceased, William A. Brocksmidt, was assassinated for the purpose of robbery.

The testimony of the appellant himself is, in substance, that Rael, the Indian, killed the deceased, robbed him of his money, which he divided with him (the appellant), and that they then departed together, leaving the murdered man lying in the house.

The jury evidently did not believe this story, but were satisfied that the appellant himself killed Brocksmidt, in order to rob him.

They were entirely justified in taking this view.

The appellant was arrested, as the evidence shows, more than a hundred miles away from the scene of the crime, having in his possession the watch, coat and cap of the deceased, and when arrested, confessed to having taken also a race horse, which had belonged to the deceased, and which he had sold in the vicinity of where he was arrested.

We cannot see now, under the circumstances disclosed by this evidence, and all the other evidence in the case, the court could have been required, or even justified, in leaving the case to the jury on any other degree of crime than that of murder in the first degree.

We are of the opinion that there was no error in the instructions excepted to, and that the judgment should be affirmed.

All concur.