Duncan v. Holder et al.

---

[No. 1268, February 28, 1910.]

FRANK M. DUNCAN, Appellee, v. S. W. HOLDER, et al., Appellants.

SYLLABUS.

1. Record examined and verdict of the jury as to question of agency sustained.

Duncan v. Holder et al.

2. In cases where a principal sues his agent for money had and received by the agent for a sale of the principal's property, the value of the property is quite immaterial.

3. Even if agent receives a greater price than that fixed by the principal, he is bound to account for it.

4. It was not error for the court below to fail in instructing the jury on a point not raised by the pleadings.

5. If advantage be not taken, of a variance between the pleadings and the allegations, at the trial such variance will be treated as waived.

6. The granting or refusal of a motion for a new trial, being addressed to the sound discretion of the trial court, will not unless it plainly appears that such discretion has been abused, be reviewed on appeal.

7. It is not the office of a motion for a new trial to raise any question not relied upon at the hearing.

8. Points not raised or insisted upon at the trial cannot be presented and urged on appeal.

9. Allowance of mileage for distance necessarily traveled in the Territory by witness who voluntarily appeared, was proper.

Appeal from the District Court for Chaves County before W. H. Pope, Associate Justice. Affirmed.

Richardson, McClure & Heflin for Appellants.

An instruction which assumes a fact as proved, where the evidence is conflicting or against said fact, is erroneous and prejudicial. Thompson on Trials, vol. 2, p. 1646, sec. 2295; Bates v. Hearte, 82 Am. St. Rep. 187.

There is only one rule for measuring a party's damage when he has been induced by fraud to part with his property and that is, he is entitled to recover the difference in value between that which he received and retains as a consideration for his said property, and the fair market

value of the property with which he has parted. Ritko v. Groves, 113 N. W. 629, Minn.; Mattauch v. Walsh Brothers, 113 N. W. 118, Ia.; Butler v. Anderson, 107 S. W. 656, Tex.

The remedies being inconsistent by electing to pursue one with knowledge of all the facts a party waives his right to the other. 1st Nat. Bank v. McKinney, 47 Neb. 149, 66 N. W. 280; Pollock v. Smith, 49 Neb. 864, 69 N. W. 312; Wilson v. Hundley, 70 Va. 837; B. and L. Ass'n v. Cameron, 48 Neb. 124, 66 N. W. 1109; Snow v. Alley, 144 Mass. 555, 11 N. E. 764; A. B. & L. A. v. Rainbolt, 48 Neb. 434, 67 N. W. 493.

There was no contract of agency. Larsen v. Newman, 121 N. W. 202, N. D.; Martine v. Life Ins. Society, 13 Am. Rep. 529, N. Y.

In an action for damages growing out of deceit and fraud by which plaintiff was induced to part with his land, the measure of plaintiff's damages is the difference in value between what plaintiff received and retained as a consideration for his said land and the fair market value of his said land at the time he parted with it. Ritko v. Grove, 113 N. W. 629, Minn.; Mattauch v. Walsh Brothers, 113 N. W. 818, Ia.; Butler v. Anderson, 107 S. W. 656, Tex.

In an action by the plaintiff against the defendants for fraudulently obtaining and wrongfully converting to defendant's own use the property of plaintiff the measure and the limit of plaintiff's recovery would be the difference in value between what plaintiff received and retained for a consideration for his said land and the value of what defendants and their associates received for said land when they sold it. Ritko v. Grove, 113 N. W. 629, Minn.; Mattauch v. Walsh Bros., 113 N. W. 818, Ia.

Every pleading must be construed strictly and most strongly against the pleader, and when a material fact is not alleged by a party pleading, such fact is presumed not to exist. Murray v. S. C. D. & P. Ry. Co., 3 N. M. 586.

The allegations and the evidence must correspond.

Greenleaf on Evidence, sec. 51, 13th ed.; Murray v. S. C. D. & P. Ry. Co., 3 N. M. 594.

When a party ratifies a contract with full knowledge of all the facts he must ratify it as a whole, that is, if he elects to hold and retain the fruits of the contract which are beneficial to him, the law requires him to stand by those parts of the contract which are to his disadvantage or detriment. Baum Iron Co. v. Berg, 66 N. W. 8.

When a party has the right to rescind a contract, and elects to rescind it, he must rescind it as a whole and puts the parties in statu quo. Alfree Mfg. Co. v. Grape, 59 Neb. 777-82, N. W.

Mileage of voluntary witness living outside of the Territory, should not have been taxed against the losing party. Stern v. Herren, 8 S. E. 221; Haines v. McLaughlin, 29 Fed. 70.

EDEN & BOWERS for Appellee.

Exception too general to warrant review by appellate court. Cavellaro v. Texas, etc., Ry. Co., 110 Cal. 348, 42 Pac. 918; Cevada v. Miera et al. 61 Pac. 125.

"Granting or refusing a motion for a new trial rests in the sound discretion of the court, and is not alone assignable as error." Schofield v. Territory, 56 Pac. 306.

The jury having passed upon the questions of fact submitted to it by the court, the verdict will not be disturbed on appeal if there is any evidence to support it. C. L. 1897, sec. 2685; Kingston v. Walters, 93 Pac. 700.

In cases of a fiduciary nature as where an agent sells the property of his principal for a sum greater than he reports, the measure of damages is the difference between the reported price and the real price without remuneration to the agent. Jeffries et al. v. Robbins and authorities there cited, 71 Pac. 852.

There is no law that requires a witness to be subpoenaed in order to claim mileage for attendance. 30 Am. and Eng. Enc. of Law, 2d ed., page 1173, and cases there cited; Cevada v. Miera, 61 Pac. 125; Supreme Court rule No. 18.

An action on account of fraud and deceit may be brought within four years.  C. L. 1897, sec. 2916.

## STATEMENT OF THE FACTS.

The appellee (plaintiff below) alleged in his amended complaint that for some time prior to July 20; 1907, he was the owner of certain land in Chaves County, and had placed same in the hands of the appellants, as his agents, for sale; that on July 20, 1907, the appellants informed him that they had a purchaser for said land, one M. C. Swinney for the sum of $5,400.00, when in truth and in fact said purchaser had agreed to pay and did thereafter pay the appellants the sum of $6,840.00 for said land; that the said appellants falsely and fraudulently, concealing the fact from him, that they had found a purchaser at $6,840.00 the appellee relying on their said representation that $5,400.00 was the best price they could get for him, accepted said sum and paid them a commission of $270.00 thereon; that the appellants converted the difference in price to their own use, and for that difference, together with the commission paid them appellee demanded judgment against said appellants.

The appellants answered, denying that they had ever been plaintiff's agents for the sale of said land, and that they had ever sold it for $6,840.00, or any other sum, or that they had ever received or converted to their own use any sum of money belonging to the appellee, and further answering, by way of new matter, they allege that they bought the said property of the appellee for themselves and on their own behalf for the sum of $5,130.00 and exhibited a contract dated July 27, 1907, executed by the appellee by which he agreed to transfer said real estate to appellants, or whoever they might name, for the sum of $5,130.00 upon payment to him of $3,000.00 cash and the balance by note executed by appellants and secured by a mortgage back.

To this answer the appellee filed an amended reply denying the allegations of new matter, but admitting the execution of the contract therein set forth, but alleged that he had executed the same upon false and fraudu-

lent representations of the appellants, that they could only obtain the sum of $5,400.00 for said land, when they had at the time already sold the same for $6,840.00 and that said statements were made for the purpose of defrauding appellee. It appeared in evidence at the trial, that the appellants did sell said land for the sum of $6,840.00 and that they received therefor the sum of $200 in cash and the balance of $6,640.00 in unsecured notes, and that at the time of the trial there remained due of the balance of the purchase price represented by notes, the sum of $4,000.00.

A trial was had to the court and a jury, and a verdict returned in favor of the appellee for the sum of $1,710.00, interest and costs, which sum represents the full amount prayed for by him. Motions for a new trial were made and overruled and this appeal was taken.

### OPINION OF THE COURT.

MECHEM, J.—1. It is claimed by counsel for appellants, that the evidence in this case, clearly shows that the relation of principal and agent did not exist between them and appellee. We have carefully examined the evidence in the record, and are of the opinion that it was sufficient on the question of agency to support the verdict of the jury, so that the same will not be disturbed, nor the judgment for that reason reversed. Green v. Brown & Manzanares Co., 11 N. M. 658, 72 Pac. 17.

2. The court instructed the jury that the limit of appellee's recovery, if they found him entitled to recover, would be the difference between the price that he received for the property and the price that the appellants received for the same, but the appellants claim this to be a wrong measure of their liability, and say that it should have been the difference, between the value of what appellee received for the land, and a fair market value of the land at the time he parted with it, citing cases in support thereof, which we have examined, and find them all to be cases, wherein a vendor had parted with his property in exchange for other property, the condition, quality and value of which had been fraudulently represented by the purchaser.

and the vendor electing not to rescind the contract, sued for damages. In those cases the courts held that the measure of damages, would be the difference, in value of what the vendor received in trade and the fair market value of the property that he gave in exchange therefor. The rule is entirely different where a principal sues his agent for money had and received by the agent from a sale of the principal's property. The value in such cases is quite immaterial, for the reason that the agent is not employed with regard to the value of the property, but by the terms of his employment he is charged with the duty of selling it at a price fixed by his principal, irrespective of its value, and the law places upon the agent his duty to account to his principal for any advantage which he may secure in the line of his employment, that is, even if the property it placed in the agent's hands to sell at a certain price, and he receives a greater price, he is bound to account for it. Collins, et al. v. McClurg, 29 Pac. 299; Bassett v. Robers, et al., 43 N. E. 180; Hellberg v. Nichol, et al, 37 N. E. 63.

3. The appellants contend that the appellee is not entitled to recover the sum, for which he received judgment, because, it is shown in the evidence, that they sold the land on time; that at the date this case was tried there remained due and unpaid on their sale to Swinney the sum of $4,000.00; that the appellee had received the sum of $3,000 in cash, being more than they had received in cash, and that if he did not elect to rescind the contract, he necessarily elected to ratify it and should abide by it, and that therefore they not having received cash, but notes, it was the duty of the appellee to prove the value of those notes, and his recovery is limited to that value, and that the court should have so instructed.

It will be observed that by the pleadings, the appellants did not raise this question, that they did not make a tender of the notes, and this we take it being clearly a matter of defense on their part, they should have seen to it that their pleadings provided therefor. They stood on the sole proposition that they were not the appellee's agents and that they purchased the land for themselves. If

they failed to disprove their agency, then the fact being uncontroverted that they sold the land at a certain price represented by money and unconditional contracts to pay money, the court below is not in error in failing to instruct the jury, as appellants contend should have been done, when there was no evidence introduced as to the value of the notes, received by appellants in consideration of the sale of the land. In the absence of such evidence it would be presumed, of course, that the notes were worth their face value.

4. It is complained also that there is a variance between the allegations and proof, for the reason, that the appellee alleged that the appellants received $6,840.00 for the land, and converted the difference between that sum and $5,400.00 to their own use and benefit, when by the evidence it was shown that they did not receive money, but received unsecured promissory notes, and counsel for appellants in their brief argue, that the law does not permit a party to allege conversion of money, and prove the conversion of promissory notes, or anything else except money. It was proven by several witnesses, both for the appellee and the appellants, that the latter sold the land for the sum of $6,840.00 and of this sum they received $200.00 in cash and the balance in unsecured promissory notes. To this evidence the appellants made no objection, neither did they, after the trial, demur to the same. It was in evidence that appellants still owned the notes which were at the time of the trial, deposited in a bank with the contract of sale, that they had made with Swinney. The appellee, it is true, alleged the conversion of money and the evidence showed the conversion of unconditional contracts to pay money, which contracts were held by his agents.

If advantage be not taken, of a variance between the pleadings and the allegations, at the trial, such variance will be treated as waived. Wasatch Mining Co. v. Crescent Mining Co., 148 U. S. 295; Grayson v. Lynch, 163 U. S. 468.

The trial court's attention was first called to the alleged variance by a motion for a new trial, at which time

Duncan v. Holder et al.

the objection was not available, because it should have been made before the case went to the jury.

The appellants sold the land for money and received promissory notes in lieu thereof. If they did not account to the appellee for the notes they should account for the equivalent of the notes, and proof that they received the notes as money will sustain the action. Gordon v. Camp, 2 Fla. 422; Hill v. Kennedy, 32 Ala. 523; Bank of Missouri v. Benoist, 10 Mo. 520.

The allegation of money had and received is supported by evidence that the appellants received something belonging to the appellee, which under the circumstances ought, as between the parties, be regarded as money. Mathewson v. Eureka Powder Works Co., 44 N. H. 289.

5. Error is assigned to the action of the court in "overruling appellants' motion for a new trial because appellee neither alleged nor proved that he would have accepted M. C. Swinney as his purchaser for his said land, upon the terms and conditions which said M. C. Swinney was able and willing to buy his said land."

There is hardly a better established rule of practice, or one more uniformly adhered to by this court, than that the granting or refusal of a motion for a new trial, being addressed to the sound discretion of the trial court, will not unless it plainly appears that such discretion has been abused, be reviewed on appeal. Archibeque v. Miera, 1 N. M. 160; Territory v. Romero, 2 N. M. 474; Coleman v. Bell, 4 N. M. 21, 12 Pac. 657; Buntz v. Lucero, 7 N. M. 220, 34 Pac. 50; Schofield v. Territory, 9 N. M. 526, 56 Pac. 306.

The appellants were not entitled to a new trial on the showing made in this motion. It is not the office of a motion for a new trial to raise any questions not relied upon at the hearing. 2 Thomp. on Trials, Sec. 2710.

6. Appellants insist that the judgment rendered is erroneous because it allows the appellee to ratify every part and element of both contracts, made with reference to the sale of his land, which are to his advantage, and allows him to rescind, without making restitution, every part

and element in both said contracts, which are to his disadvantage, and in support of this position cite cases holding that when a party elects to rescind a contract or ratify it, he must do so as a whole, and further argue that as appellee rescinded the contract between him and the appellants he should have placed them in *statu quo* by a tender of the $3,000.00, and if he ratified the contract with Swinney he must accept all of its terms.

These questions were not raised before or at the trial, either by pleading or exceptions to the evidence, nor by asking an appropriate instruction calling the attention of the court and jury to them, nor as a specific ground for a new trial, nor do the assignments or the argument in the brief hint, at any mention of these questions antedating the filing of the assignments of error themselves.

The judgment is assigned as error.

"It is fundamental that when the judgment of a court is challenged in error, its rulings alone are open to consideration. Of course if the trial court had no jurisdiction, that is a matter which is always open, and the attention of the court of last resort may be called thereto in the first instance." Montana Railway Company v. Warren, 137 U. S. 348.

"It does not appear that either of these points was raised or insisted upon at the trial, and we are therefore of the opinion that they cannot be presented and urged before us. The general rule that only such assignments of error can be presented to the appellate court, as were brought to the attention of the trial judge, is strengthened in this Territory by the statutory provision that 'no exceptions shall be taken in an appeal to any proceeding in the District Court, except such as have been expressly decided in that court.'" Chaves v. Lucero, 13 N. M. 368, 85 Pac. 233; Crabtree v. Segrist, 3 N. M. 500; 6 Pac. 202; Sec. 37, Chap. 57, Laws 1907.

7. The allowance of mileage to the witness Grace Duncan was proper, although she was a non-resident and voluntarily appeared at the trial. The amount allowed her only covered the distance she necessarily traveled in the Territory, going to and returning

from the place of trial. Burrow v. Kansas City, Ft. S. & M. R. Co., 54 Fed. 278; 30 Am. & Eng. Ency. (2nd Ed.) 1175.

The judgment of the court below is affirmed.