248 P.2d 664

CIENFUEGOS et al. v. PACHECO et al.

No. 5381.

Supreme Court of New Mexico.

Sept. 27, 1952.

Norman M. Neel, Fletcher A. Catron, Santa Fe, for appellants.

Harry L. Bigbee, Santa Fe, for appellees.

COORS, Justice.

Plaintiffs brought suit in District Court of Santa Fe County for restitution of a parcel of land and for damages, contending that they were entitled to possession and that defendants were in wrongful possession. Plaintiffs are husband and wife; defendants are mother and step-father of the plaintiff husband. Plaintiffs contend the property was community property, purchased by the plaintiffs, which could not be conveyed by the husband alone to his mother. At the trial there was great conflict in the testimony of the parties, their statements of the facts surrounding the transaction of the purchase of the land, the placing of a building upon it and the subsequent conveyance of it by the son to his mother being diametrically opposed. At the conclusion of the testimony the court announced it was not satisfied with the testimony, that cases involving mother and son were always more difficult than ordinary cases, and that both sides were inclined to exaggerate more than ordinarily. The trial judge stated he was going to find for the plaintiff, that the property was to a certain extent community property and the deed was void; hence the relief asked by the plaintiff was to be granted; however, without damages. Subsequently, the defendants filed a motion for a new trial, stating that they were surprised by certain testimony of the plaintiffs and that they also wished com-

pensation for improvements which they had placed on the land. They further asked, in the event a complete new trial was not granted, that the case be reopened for further evidence.

The case was reopened for limited purpose, at which time the court made the following statement:

"Now as the court understands it, gentlemen, this case having been reopened for further evidence upon the question of whether or not the property involved was community property of the plaintiffs, and that is the sole issue here today, is that correct, gentlemen?

"Mr. Neal: That's correct.

"Mr. Bigbee: Or the proportion of it that might be community."

Later, when evidence was introduced as to the purchase of materials to complete the building on the land, the objection was made to this testimony as not having a bearing on the question of the community property interest. The court stated:

"The court understands and perhaps there may be some merit to the objection. However, the court feels this way about it, and did at the time of the hearing on motion for a new trial, that perhaps some light could be shed on the whole background, the whole circumstances here and even though the order as signed appears to be somewhat limited, that it is reopened merely for

the purpose of evidence as to the community property, the court feels that in its original decision that it had to take into consideration all these various points, the truth or the falsity of the testimony of the various witnesses and so on and for that reason I am going to allow it. Objection will be overruled."

It is unnecessary to examine in detail the testimony presented at the second hearing, but it was confused and different from that given by both sides at the first trial. The only error assigned, however, is the action of the court in granting a second hearing and not rendering a judgment on the first hearing. The court found at the conclusion of the second hearing that the plaintiff-son became owner of the property as his own by gift and hence it was his own and could be lawfully conveyed to the defendant-mother. As a result of such findings of fact the legal conclusion was stated that the defendants were owners in fee simple of the property and judgment was rendered for the defendants.

Plaintiff appeals from the judgment contending a conclusive case was established for the plaintiffs at the first hearing, that the document requesting a new trial did not meet the requirements for such a pleading, that it was an abuse of discretion for the court to reopen the case where no legal grounds are shown, and asking that the court be directed to enter judgment for the

plaintiffs on the decision entered at the conclusion of the first hearing.

▉ The New Mexico Rules of Civil Procedure, Rule 59(a) provides that new trials may be granted as follows:

"(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact or conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."

It may be seen that the above rule actually applies to two types of actions: those tried by a jury, and those tried by the court without a jury. In the former instance, the reasons for which a new trial may be granted are stated to be those for which new trials have heretofore been granted. In instances where the case is tried without a jury, the court is given a wide discretion by the wording of the portion of the rule applicable to such cases. This rule is based on the similar Federal Rule 59(a), 28 U.S.C.A. with the exception that in the New Mexico rule the words found in the Federal rule at the end of the first sentence: "in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." are omitted. The limitation in the Federal rule in the instance of cases tried in courts without a jury is not included in the New Mexico rule, thus it would appear that the framers of the New Mexico rule desired to grant the court broader discretion where it hears the case itself, without a jury, than is allowed under the Federal rule. Consequently, the cases which construe the Federal rule as applied in the Federal Courts, must be considered in the light of this difference between the two rules.

▉ It has long been well established in New Mexico that the granting of a new trial rests within the discretion of the trial court and will be reviewed only for a clear abuse of that discretion. United States v. Lewis, 1883, 2 N.M. 459; Territory v. Romero, 1883, 2 N.M. 474; Schofield v. Territory ex rel. American Valley Co., 1899, 9 N.M. 526, 56 P. 306; Duncan v. Holder, 1910, 15 N.M. 323, 107 P. 685; Frank A. Hubbell Co. v. Curtis, 1936, 40 N.M. 234, 58 P.2d 1163. The United States Supreme Court follows the same rule, Fairmont Glass Works v. Cub Fork Coal Co., 1933, 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439, and the Federal Courts have continued to follow this rule in applying the new rules of civil procedure, Campbell v. American Foreign

S. S. Corp., 2 Cir., 1941, 116 F.2d 926; Youdan v. Majestic Hotel Management Corp., 7 Cir., 1942, 125 F.2d 15.

A court may grant a motion to reopen the case for the taking of additional testimony, which is the equivalent of a motion for a new trial, in the sound discretion of the trial judge, and his determination will not be overturned on appeal except for its clear abuse. Blytheville Cotton Oil Co. v. Kurn, 6 Cir., 1946, 155 F.2d 467; Chemical Delinting Co. v. Jackson, 5 Cir., 1951, 193 F. 2d 123; St. Mary's Bank v. Cianchette, D. C., 1951, 99 F.Supp. 994.

Two recent Federal cases on the question of review of a court's final judgment, where a new trial has been granted, should be considered at this point. The first, Pettingill v. Fuller, 2 Cir., 1939, 107 F.2d 933, where the suit arose out of an automobile accident between the defendant's car and that of plaintiff's witness which plaintiff alleged was caused by the negligence of the defendant. During the course of the first jury trial, the counsel for the defense remarked during a colloquy with the court that plaintiff's witness had been convicted and fined as a result of the accident. No motion was made by the plaintiff with regard to this remark and the jury later rendered a verdict for the defendant; the court set aside the judgment and granted a new trial on the grounds that the verdict was tainted. The Circuit Court of Appeals reversed a judgment on the sec-

ond trial for the plaintiff on the grounds that the court abused its discretion in granting the new trial, reinstated the verdict of the first trial and ordered entry of final judgment for the defendant. In its opinion, the court cited the U. S. Supreme Court's decision in the Fairmont Glass Works case, supra, as authority for reviewing the holding and ordering the reinstatement of the first verdict.

In the second case, Marshall's United States Auto Supply, Inc., v. Cashman, 10 Cir., 1940, 111 F.2d 140, the court also reversed a judgment rendered for defendant upon a verdict at a second trial, where previously the jury had found for the plaintiff and judgment had been entered at the first trial. The case involved abuse of discretion in granting the new trial where the motion for a new trial did not set forth even in a sketchy manner the substance of newly discovered evidence, diligence exercised, and reasons preventing such evidence at first trial, nor did it specify alleged mistake and prejudice of jurors, questions of laws allegedly not adequately covered in instructions nor nature of false testimony allegedly offered by defendant. Also, an affidavit in support of the motion was not filed within the specified period, and no extension had been granted. The court cited, among others, the Fairmont Glass Works and Pettingill cases, supra, as authority for the reversal, where it felt that the trial court had abused its discretion in granting a new trial.

Plaintiff relies on the Marshall case as being one "on all fours" with the instant case. It is true that the situations are similar; but two salient differences appear: In the first place, the Marshall case had progressed to a final judgment; here no findings of fact nor judgment were entered when the new trial was granted. Secondly, the Marshall case having been tried before a jury, the party requesting a new trial was bound and limited by the Federal rules applying to such motions where the case was tried by a jury; whereas, in the instant case the court was not limited in the granting of the motion to those grounds formerly recognized as warranting the granting of a new trial in jury cases.

Great conflict and inconsistency were present in the evidence, both at the first trial and upon the limited new trial. At the conclusion of the first trial, the trial judge remarked that he was dissatisfied with the testimony and displayed reluctance in ruling for either side. He was granted wide discretion under Rule 59(a) and we cannot say the discretion was abused. The judgment will be affirmed.

It Is So Ordered.

SADLER, McGHEE and COMPTON, JJ., concur.

LUJAN, C. J., not participating.