523 P.2d 1353

Carol Lynn GRUBER, Plaintiff-Appellant,

v.

Robert William GRUBER, Defendant-Appellee.

No. 9691.

Supreme Court of New Mexico.

June 28, 1974.

Wollen & Segal, Albuquerque, for plaintiff-appellant.

John M. Wells, Albuquerque, for defendant-appellee.

## OPINION

MONTOYA, Justice.

This appeal concerns the disposition of a petition to amend a decree of divorce which had been granted in the District Court of Bernalillo County. Plaintiff-appellant Carol Lynn Gruber (appellant) filed a petition in the Bernalillo County District Court on September 27, 1972, to amend the final decree entered February 9, 1972. After a hearing the Honorable Mary C. Walters entered, on November 17, 1972, a final order amending the decree of divorce. The pertinent parts of the amended decree for purposes of this appeal are as follows. Defendant-appellee Robert W. Gruber, Jr. (appellee) was given the option of either delivering a piano, alleged by appellant to be her separate property by gift, or the cash sum of $800. Further, appellee was ordered to pay $150 per month to appellant for a period of three years as temporary alimony.

A motion to vacate the November 17, 1972, judgment and for a new hearing, pursuant to Rule 59, Rules of Civil Procedure (§ 21–1–1 (59), N.M.S.A., 1953 (Repl. Vol. 4, 1970)), was thereafter filed by appellee on November 27, 1972. A notice of hearing was filed November 28, 1972, by appellant's attorney, setting the motion to vacate for January 2, 1973, before Judge Ryan. On December 14, 1972, a notice of hearing was filed by appellee's attorney setting the same motion for hearing before Judge Riordan on December 20, 1972. The Honorable Mary C. Walters left her position as Judge of the Bernalillo County District Court on December 6, 1972, and was succeeded by the Honorable William F. Riordan.

Appellee's motion was heard by Judge Riordan on December 20, 1972, and pursuant to Rule 59, supra, and Rule 63, Rules of Civil Procedure (§ 21–1–1(63), N.M.S.A., 1953 (Repl.Vol. 4, 1970)), Judge Riordan entered an order that same day vacating the November 17, 1972, judgment and entered a new order denying appellant's petition that the piano be awarded to her and for temporary alimony. Appeal is taken from this order.

Appellant contends that reversible error was committed when Judge Riordan overruled the findings, conclusions and order of a court of equal jurisdiction, i. e., the trial court presided over by Judge Walters. She argues that the appellee did not submit proper grounds for a new trial and that the order of December 20, 1972, was an abuse of judicial power.

Although the parties refer to the proceedings before Judge Riordan as a "rehearing," it is clear that our Rules of Civil Procedure do not authorize such a proceeding. There are various post-decision or post-judgment proceedings permitted by the rules, among which are a motion for relief from judgment under Rule 60, Rules

of Civil Procedure (§ 21–1–1(60), N.M.S.A., 1953 (Repl.Vol. 4, 1970)), and motions for a new trial under Rule 59, supra. In any event, the proceeding can only properly be characterized as a new trial. For the sake of clarity, we will refer to the proceeding before Judge Riordan as a "new trial," but limited to the issues of alimony and the award of a piano to appellant.

■ While in the instant case a successor judge granted a new trial after a judgment had been entered by the predecessor judge, the correct rule, we believe, is stated in Miller v. Pennsylvania Railroad Co., 161 F.Supp. 633 (D.D.C.1958), where the successor judge was passing on a motion for judgment notwithstanding the verdict or, in the alternative, a new trial, the trial judge having died. Judge Holtzoff held (161 F.Supp. at 636):

"It is well established that if the trial judge dies after the jury returns a verdict but before a motion for judgment nothwithstanding the verdict or a motion for a new trial is heard or decided, another judge may pass upon such applications. The latter then becomes vested with the same broad discretion to grant or deny such motions as was the trial judge. An exception arises only if the successor judge finds that he cannot satisfactorily perform such a function by reason of the fact that he did not preside at the trial, or for some other reason. No such unusual situation emerges in the case at bar. This case is not within the exception."

Rule 63, supra, which clearly authorizes a successor judge to consider post-trial motions, reads:

"If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact and conclusions of law are filed, then any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial."

In TCF Film Corporation v. Gourley, 240 F.2d 711, 714 (3d Cir. 1957), the court considered the question whether a judge other than the one who tried the case had power to rehear the matter, and discussed the rule that judges of co-ordinate jurisdiction sitting in the same court and in the same case should not overrule the decisions of each other. They concluded, however, that the rule was not all embracing and absolute, but that exceptional circumstances may exist under which the rule is not to be applied. They held:

"* * *. Such circumstances exist when the judge who made the original decision is not available to consider the application to rehear and reverse his decision. If the judge who made the decision dies or resigns from the court he obviously is no longer available to reconsider it and such reconsideration must perforce be by another judge if it is to be had at all. Likewise if the decision has been made by a judge temporarily assigned to the court for the hearing of a specified case and his assignment is terminated he is no longer available to entertain an application for rehearing and it must accordingly be considered by another judge. * * *"

■ Another matter needing consideration, because of the circumstances in this case, is the effect of § 21–9–1, N.M.S.A., 1953 (Repl.Vol. 4, 1970), which provides that district courts are given control over their judgments for a period of thirty days after entry. If the court fails to rule on a motion directed against a judgment of that court within thirty days after filing, such failure to ·rule shall be deemed a denial thereof. Accordingly, the motion for a new trial in the instant case had to be disposed of within thirty days of filing or it would have been denied by operation of law. Therefore, the hearing requested by

appellant before Judge Ryan would not have served any useful or effective purpose, since Judge Ryan was not to take office until January 1973, well after the thirty-day period when the motion for a new trial was filed. We hold that Judge Riordan had judicial power to hear and determine appellee's motion for new trial, and turn to a consideration of the correctness of his ruling in respect to that motion.

The motion to vacate judgment and for a new trial was made pursuant to Rule 59, supra, and alleged among others the following grounds:

(a) That the original decree did not provide for alimony and it approved the property settlement agreement reached by the parties.

(b) That the property settlement agreement should be considered final and conclusive and controlling on the issue of the piano.

(c) That appellant failed to show a substantial change of circumstances.

Rule 59(a), supra, reads as follows:

"(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."

We had occasion to interpret this rule where a motion for a new trial had been sought and granted in Cienfuegos v. Pacheco, 56 N.M. 667, 248 P.2d 664 (1952), and after setting out subparagraph (a) of the Rule, we stated (56 N.M. at 670, 248 P.2d at 666–667):

"It may be seen that the above rule actually applies to two types of actions: those tried by a jury, and those tried by the court without a jury. In the former instance, the reasons for which a new trial may be granted are stated to be those for which new trials have heretofore been granted. In instances where the case is tried without a jury, the court is given a wide discretion by the wording of the portion of the rule applicable to such cases.

\*   \*   \*   \*   \*   \*

"It has long been well established in New Mexico that the granting of a new trial rests within the discretion of the trial court and will be reviewed only for a clear abuse of that discretion. [Citations omitted.] \* \* \*."

See also Mahoney v. J. C. Penney Company, 71 N.M. 244, 377 P.2d 663 (1962).

The issue presented then is whether or not Judge Riordan abused his discretion in granting a new trial upon the order issued by Judge Walters. Resolution of this question is complicated by the fact that there is no transcript of the proceedings before Judge Walters. We are thus limited to an inspection of the record proper.

We are aware that the amended decree entered by Judge Walters found that the appellant failed to make a claim for alimony by reason of mistake, inadvertence, excusable neglect, or other misconduct of the adverse party. It is clear that no alimony was awarded appellant in the final decree. The petition to amend decree of divorce upon which Judge Walters ruled, insofar as alimony was concerned, simply asked for an award until she should remarry "on the grounds that Plaintiff is unable to support herself and fulfill her higher education, her only support being earnings from a part-time job as a legal secretary." An affidavit attached to the petition states, inter alia, additional details concerning appellant's physical and mental health and economic situation, but no additional grounds. No grounds cognizable under Rule 60(b), supra, were stated. It is equally clear that Judge Walters' final order amending the decree of divorce awarded temporary alimony. However, finding No. 3 by Judge Walters reads as follows:

"3. That the Plaintiff-Petitioner is and has been since 1971, suffering from

physical and mental illnesses that will not be overcome in the near future, and which will probably cause her to be hospitalized, and that she does not have the financial means with which to support herself, complete her education and be cured of her medical problems."

It is to be noted that Judge Walters specifically found that the appellant was suffering from mental and physical illnesses since 1971, which is before the original final decree of divorce was entered. Therefore, we hold that Judge Riordan did not abuse his discretion in granting a new trial.

Another question to be determined is whether a final decree which contains no provision for alimony can be modified to provide for payment of alimony. Our statute, § 22–7–6, N.M.S.A., 1953, provides in pertinent part as follows:

"* * * ; and, on final hearing, may allow the wife such a reasonable portion of the husband's separate property, or such a reasonable sum of money to be paid by the husband, either in a single sum, or in instalments, as alimony, as under the circumstances of the case may seem just and proper; and may modify and change any order in respect to alimony allowed the wife, whenever circumstances render such change proper; * * *."

Other jurisdictions have had occasion to interpret similar statutes regarding alimony. In Perry v. Perry, 202 Va. 849, 853, 120 S.E.2d 385, 388 (1961), the Supreme Court of Appeals of Virginia said the following:

"The statute here involved, § 20–109, provides only that the court may 'increase, decrease, or cause to cease' any alimony that may thereafter accrue; i. e., accrue after the date of the decree, 'whether the same has been heretofore or hereafter awarded.' Where none has been awarded, then there is none to 'increase, decrease, or cause to cease.' Plainly this statute does not allow the reopening of the decree of January 31, 1958, and the granting now of alimony when none was granted by that decree."

Compare Rodman v. Rodman, 492 P.2d 897 (Colo.App.1972).

We approve the rule stated in the Perry case, supra, and, therefore, hold that § 22–7–6, supra, does not authorize an award of alimony subsequent to the entry of the final decree, when that decree did not initially award any alimony, unless the claimant is entitled to relief under Rules 59 or 60, supra. We have held that no cognizable grounds were stated to entertain a hearing on an award of alimony and that Judge Riordan did not abuse his discretion in granting a new trial.

In view of the foregoing, the judgment of the trial court below is affirmed, with costs only to be taxed against appellee in view of the provisions of § 22–7–6, supra.

It is so ordered.

STEPHENSON and MARTINEZ, JJ., concur.