**In re Allen Dwane DANLEY, Alvin Danley, A. Dwane Danley, Dwane Danley, Debtor.**

**Bankruptcy No. 80–01384J.**

United States Bankruptcy Court, D. New Mexico.

Oct. 8, 1981.

---

Michelle Olszta, Las Cruces, N.M., for debtor.

Wayne A. Jordon, Alamogordo, N.M., for M. Pauline Danley.

## ORDER

ROBERT A. JOHNSON, Bankruptcy Judge.

This cause came on to be heard on August 19, 1981, by a conference telephone call. Debtor has filed an application to reopen his estate in order to be accorded relief under 11 U.S.C. § 350(b) (1978), and that Motion was orally denied at the conclusion of the telephone call. A brief review of the background is necessary to an understanding of the disposition of this matter.

Mr. Danley was divorced from his long-time companion and short-time wife by a decree entered in the Twelfth District in Otero County District Court. Under the terms of that decree, Mr. Danley was ordered to pay certain debts of the community. The District Court awarded alimony of $1 per year and indicated that if the debts of the community were paid, his spouse would need no further award. The implication is entirely clear that if the debts were not paid, Mrs. Danley would need additional support or maintenance.

Feeling aggrieved at what the debtor considered an overly generous property settlement for a relatively brief marriage, but recognizing that trial courts in New Mexico are accorded great latitude in making such awards, the debtor did not pursue an appeal. Instead, he opted for a Chapter 7 liquidation in bankruptcy, duly filed, in which a discharge was properly entered on March 23, 1981. No attempt was made to litigate the dischargeability of the payment of the debts as ordered by the state court.

After the discharge, which included a discharge of the debts ordered paid by the Otero County District Court, debtor's ex-spouse returned to the attack. Having carefully likewise refrained from filing any claims in this court to hold the debts nondischargeable, the ex-spouse instead asked the District Court of Otero County to award additional support, apparently on the ground that the discharge was of itself a sufficient change in circumstance to permit, if not require, some redressing of the marital balance formerly struck. In pursuit of that goal, an Order was entered in the state court on July 31, 1981, which increased alimony in the undoubtedly not coincidental amount of the discharged debts. As a part of that Order, some back payments on the discharged indebtedness were ordered, coupled with the threat of imprisonment for contempt in the event of a failure to comply with the Order. It is the imminence of that threat of imprisonment, apparently the possible result of a hearing to be held on August 20, 1981, which prompted the present motion to reopen, which was filed the morning of August 19, 1981. Due to the exigencies of time, this telephone hearing was held. The parties essentially concurred in the foregoing factual recital, although not, to be sure, in the inferences and conclusions which are scattered about.

The motion to reopen in order to litigate the dischargeability of the alimony awarded should be denied on the grounds set forth below. It is provided by 11 U.S.C. § 350(b) (1978) that a case may be reopened "to accord relief to the debtor." That phrase suggests that if there can be no relief granted, it would be pointless to reopen. That seems a sensible approach, and accordingly our initial inquiry ought to be directed to the issue of whether it is possible to accord relief to the debtor on these facts.

■ The legal issue presented is whether the state district court has the power to order, as support, the payment of sums which equal the amount of certain debts previously discharged in bankruptcy. Under state law, so long as some alimony is reserved by the trial judge, the trial judge

has continuing power to alter or amend the alimony award, *McClure v. McClure*, 90 N.M. 23, 559 P.2d 400 (1976), either upwards or downwards, as changing circumstances warrant, *Unser v. Unser*, 86 N.M. 648, 526 P.2d 790 (1974); *Gruber v. Gruber*, 86 N.M. 327, 523 P.2d 1353 (1974); N.M.Stat.Ann. § 40–4–7 (1978).

The needs of the wife have long been considered as adequate grounds for changing an award previously made. *Michelson v. Michelson*, 86 N.M. 107, 520 P.2d 263 (1974), *rev'd on other grounds*, 89 N.M. 282, 551 P.2d 638 (1976). Here the discharge relieved the husband of the obligation to pay certain debts. The wife was then compelled to make payment of the debts. Such payment does impact upon the wife's resources and consequently may have some impact upon her needs.

▇ There do not appear to be any cases squarely holding that a discharge in bankruptcy is such a change in financial condition as will justify, under state law, a modification of a support decree. It is abundantly clear that the discharge in this case, by relieving the husband of the legal obligation of making certain payments, effects a significant change in his financial condition. An equal, if opposite, significant change is worked upon the wife's financial condition. I believe a husband's bankruptcy discharge can, under appropriate circumstances, impact upon the needs of the wife and thus constitute the change in financial condition required for a modification of a support decree.

The second issue is whether the use of the amount of the debts discharged as a measure of the increased support ordered invalidates the power of the state court to make such an award. As an initial proposition, the use of the sum of the discharged debts as a measure of the change in support has two opposite effects. The first effect is a symmetrical reordering of the original balance struck by the state court. And if the initial balancing was correct, should not the rebalancing be in precisely the amount of the change which has occurred? It is, at the very least, a reaffirmation by the trial court of the correctness of its initial view.

The second consequence of such a measure is to repeal, in some part at least, the fresh start which so often motivates recourse to bankruptcy in the first place. The state court's compulsion of the debtor to pay otherwise discharged obligations (as support measured by the amount and payment schedule of the discharged obligation) can thus frustrate the federal policy of a fresh start. But there are many situations which Congress has indicated have priority over a fresh start for debtors. Section 523 of the Bankruptcy Code contains an extensive catalogue of nondischargeable debts. One such enumerated exception to discharge is a support obligation either for children or for a former spouse. 11 U.S.C. § 523(a)(5) (1978). The imposition of additional support obligations by a state court judge who has carefully retained jurisdiction to do so should be properly understood as just one more exception of those kinds of debts Congress considered more important than the fresh start.

▇ This does not mean that there can be imposed upon debtors who have obtained a discharge a wholesale reinstatement of discharged debts. Nor does it necessarily mean that any sum labelled as support or maintenance by the trial court will necessarily pass muster. *D'Jang v. D'Jang*, No. B75–1549 (D.N.M., April 17, 1980) (unpublished). Nor does it mean that a district court can act without having reserved the jurisdiction which is indispensable to the imposition of additional support obligations. But where, as here, it is abundantly clear from the decisions of the state trial court that payment by the debtor of the debts later discharged was a significant factor in the initial award, and jurisdiction was carefully reserved to deal with any changed circumstance, it must be conceded that a bankruptcy discharge is such a changed circumstance as to permit state court action.

In the event that, in the debtor's perception, the balance is not properly struck, or if some penalty for noncompliance is imposed which seems inappropriate to the debtor, the appropriate remedy is an appeal in the

state system and not a lateral shift to the federal court system. The federal courts and the state courts are engaged in a cooperative enterprise, not a competitive one.

Since the present order was entered by a state court with jurisdiction after the bankruptcy had closed, no relief from the state court judgment can be afforded by this court by reopening the closed case.

Accordingly, IT IS ORDERED, ADJUDGED AND DECREED that the motion to reopen should be and the same hereby is denied.