(No. 1685, December 7, 1914)

J. TURKNETT, Plaintiff, vs. THE WESTERN COLLEGE OF THE NEW MEXICO CONFERENCE OF THE METHODIST EPISCOPAL CHURCH, SOUTH, a corporation, Defendant.

### SYLLABUS BY THE COURT.

1. A judgment was obtained upon a subscription contract for the support of a college, the consideration of said contract being the maintenance of said college at the place designated for the period of twenty years. Subsequent to judgment, and affirmance of the same in this court, the college authorities allowed a mortgage to be foreclosed upon the property, quit-claimed its equity of redemption in the same, abandoned the enterprise, and became insolvent. Held, the defendant is entitled to relief in this court against the enforcement of the judgment.

P. 574

2. While this court refuses to hold that the ancient writ of Audita Querela is not still available in this jurisdiction, the better practice is held to be an application to the court by motion for the relief required.

P. 574

Writ of Audita Querela. Original in the Supreme Court.

### OPINION.

PARKER, J.—The defendant secured an affirmance in this court of a judgment against the plaintiff, 17 N. M.

275.    The judgment was upon a subscription contract,. the consideration whereof was that the defendant was to establish a Methodist college in or near Artesia, New Mexico, and to equip, maintain and operate the same for a period of twenty years: It did erect a building and did maintain a school at the place designated prior to and at the time of the trial in the district court, but the same was. not a college, and was devoted to the teaching of the primary grades. Plaintiff alleges that, at the time of the trial, he was ignorant of the true facts and was deceived; by the fraud, concealment and perjury of the defendant's witnesses in that regard. It is further alleged that subsequent to the trial the defendant allowed a mortgage to be foreclosed upon its property, and quit-claimed its equity of redemption therein, and gives out that it has permanently abandoned the said enterprise; that the defendant is insolvent; that it is threatening to enforce the said judgment by execution, and that plaintiff has no remedy except to apply to this court for a writ of audita querela.

We issued an order to show cause, and the defendant has defaulted, having made no return to the order. We may therefore assume the facts as alleged in the verified complaint, to be sufficiently established for the purpose of the proceeding, without further proof.

It appears from the foregoing brief statement that plaintiff's claim to relief rests upon two grounds: 1st,. facts existing prior to and at the trial, viz. the alleged. fraud, deceit and perjury as to the character of the school being maintained by defendant; and 2nd, facts occurring after the trial, viz: the abandonment of the enterprise by the defendant, thus destroying the consideration for the promise of the plaintiff. Whether the first ground mentioned is available to plaintiff or not, under the facts as pleaded, it is not necessary for us to decide. It may have been the duty of the plaintiff to ascertain for himself the character of the school being maintained rather than rely upon representations of the defendant.

But the second ground seems to be well founded. The contract of subscription of plaintiff to the defendant, provided that as a consideration for the subscription the de--

fendant would equip, maintain and operate the said college for twenty years.

At the time of the trial the defendant was maintaining and operating the school, and the facts of the defense now put forward did not exist and could not be presented. After the trial the defendant abandoned the enterprise, sold its equity of redemption in the property, and became insolvent. If the trial were now to be had, it is clear no recovery could be awarded against plaintiff upon his subscription, the consideration therefor having wholly failed. While the claim and judgment were valid when the judgment was rendered, the defense has arisen since the judgment, which renders it unjust to enforce the collection of the same. This state of affairs authorizes the court to interfere in behalf of the plaintiff and prevent execution of the judgment.

The plaintiff has proceeded by complaint as for the ancient writ of audita querela. In most of the states, either by statute or decision, this writ has fallen into disuse or has become obsolete. The remedy is now administered most generally, upon motion with notice to the adverse party. There may be cases, however, where the facts are complicated and disputed and where a motion might be inadequate to present in due form all the issues arising, and where there must be pleadings and a regular trial. In such cases the remedy by audita querela, at least in the absence of some other available remedy, would seem to be required. We therefore decline to hold that the remedy is not still available in this jurisdiction. For a discussion of the remedy generally, see 2 Ruling Case Law, 1159; 4 Cyc. 1058; 3 Blackstone Com. 105; 1 Freeman on Judgments Sec. 95; 1 Black on Judgments Sec. 299. See also, 4 Pom. Eq. Juris. Sec. 1364 as to equitable interference in such cases, also 23 Cyc. 999. Blackstone says it is "a writ of the most remedial nature, and seems to have been invented, lest in any case there could be an oppressive defective justice, where a party who hath a good defense is too late to make it in the ordinary forms of law."

He states that it is in the nature of a bill in equity to relieve against oppression.

But even in Blackstone's time this writ had been almost driven out of practice by the more simple. practice of awarding the same relief upon motion. That a proceeding upon motion is the better practice, even where the ancient writ of audita querela is still permissible. See 2 Ruling Case Law, 1162.

The proceeding in this case, whether treated as a proceeding as for the ancient writ of audita querela or as a motion, is ample to meet the requirements. It requires no citation of authority to show that the defense of the plaintiff in this proceeding to the judgment obtained against him is complete and perfect. It would be unconscionable to allow the judgment now to be enforced.

For the reasons stated, the execution heretofore issued will be quashed, and the judgment heretofore rendered in this court will be declared to be unenforcible against the plaintiff by execution or otherwise, and, IT IS SO ORDERED.