## In re CREMIDAS' ESTATE.
### Civ. No. 3817.

District Court, Alaska.
Second Division, Nome.
March 16, 1953.

16

Mildred R. Hermann, Juneau, Alaska, for petitioner.

Quincy Benton, Nome, Alaska, for executors.

Raymond E. Plummer, Anchorage, Alaska, for claimant Johnny Cremidas.

COOPER, District Judge.

On July 19, 1949, this Court, after a hearing, entered an order setting aside previous orders of the Probate Court for the Cape Nome Precinct, Second Division, Territory of Alaska, decreeing one Marie Tate to be the sole heir of Gust J. Cremidas, deceased. The finding of the Probate Court insofar as is pertinent here, is as follows:

"William O. Tate is the guardian of Marie Cremidas Tate, a minor, having been duly appointed and qualified by this Court in a proceeding entitled 'In the Matter of the Guardianship of Marie Cremidas Tate, a Minor, in Probate No. 805'. Marie Cremidas Tate is a minor born in Nome on the 6th day of April, 1936 and is the legitimate child of Gust Cremidas, now deceased. She is the only child of Gust Cremidas, and as such is his sole heir."

Subsequently, on the 17th day of November, 1952, William O. Tate, as guardian of Marie Cremidas Tate, filed a petition for a writ of coram nobis, praying that the case be reopened and the petitioner be permitted to introduce evidence to support the contention that Marie Cremidas Tate is the legitimate daughter of Gust Cremidas and as such entitled to share in the distribution of his estate.

The petition alleges in part that the attorney for petitioner at the time of the hearing on this matter was in such a state of drunkenness throughout the hearing as to be incapable of presenting the case on its merits and that while witnesses were present and available to testify in the matter, they were not called. This portion of the petition is supported by several affidavits by persons present in court during the hearing and whose testimony was material to the issues of the case. The petitioner further alleges that there was no other attorney available in Nome to properly advise him on the matter and that he was without funds to secure the services of an attorney from some other place. The records of this Court reflect that no evidence was introduced in behalf of the minor child.

Rule 60, Federal Rules of Civil Procedure, 28 U.S.CA., provides as follows:

"60(b) * * * Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

The Court will consider the substance of a pleading, rather than its label. And while the pleading here is designated as a "petition for a writ of Coram Nobis", it should be interpreted as a motion to vacate the order, and it will be so treated.

Rule 60(b) further provides for setting aside a judgment for any one of five specified reasons or for "(6) * * * any other reason justifying relief from the operation of the judgment." In order to take advantage of the reason specifying mistake, inadvertence, surprise or excusable neglect, a litigant must seek such relief not more than one year after the judgment order, or other proceeding was entered or taken. So that, if petitioner is to prevail in this case, the facts must be sufficient to bring it within the "any other reason" clause of Rule 60(b). Inasmuch as there has been no denial of the allegations of the petition, they must be accepted as true. Relief from judgments, orders, or other proceedings rests in the sound discretion of the court and that discretion should ordinarily incline towards granting, rather than denying, relief. This is especially true if no intervening rights have attached in reliance upon the judgment and no actual injustice will ensue. Federal Practice and Procedure, Barron and Holtzoff, Vol. 3, Sec. 1323.

In the instant case, the estate of the deceased is still under administration by the probate court and no intervening rights have been established so as to be prejudicially affected by any action that might now be taken. While the court should not act in an arbitrary manner, it should, where circumstances warrant, use its discretion in averting an injustice. Wolfsohn v. Raab, D.C., 11 F.R.D. 254.

Most recent cases applying the rule with which we are here concerned have uniformly held for its liberal construction so that any case presenting the question of substantial rights should be resolved in favor of the petition to set aside a judgment where a litigant has not been afforded an opportunity to have his case decided on the merits. Tozer v. Charles A. Krause Milling Company, 3 Cir., 189 F.2d 242. Under this principle, a litigant is entitled to a fair hearing which presupposes an opportunity to present all the facts available in support of his position. It is true that most of the decisions interpreting Rule 60 have been concerned with cases involving default judgments. However, there is little difference between a judgment rendered without a hearing and one rendered after a hearing in which counsel for one of the litigants is in such condition as to not have the ability to properly represent his client's interests. The power vested in the courts under Rule 60(b) (6) is sufficient to enable them to vacate judgments whenever such action is appropriate to accomplish justice. Klapprott v. U. S., 335 U.S. 601, 69 S.Ct. 384, 93 L. Ed. 266. In this connection, we must not lose sight of the fact that we are here dealing with the rights of an infant.

18

The only requirement as to time within the provisions of Rule 60(b) (6) is that it be reasonable. What constitutes reasonable time must of necessity depend upon the facts in each individual case. In Klapprott v. U. S., supra, the court granted relief after the lapse of a period of four years. Under the facts of that case, the petitioner was confined in prison during the period in question. While the facts in this case are somewhat different, it will be readily conceded that in some instances one's freedom of action may be as severely restricted by virtue of economic and other conditions as though he were actually physically confined. Petitioner has alleged that no other counsel was available during the period in question and that in order to secure legal assistance, it would have been necessary to obtain counsel from one of the other judicial divisions and that he was without funds with which to accomplish this. Judicial notice is taken that such a situation did exist in this Division for a considerable period of the time involved in this matter.

To hold that the petitioner is not entitled to the relief sought under Rule 60(b) (6) would place a far more narrow interpretation of the rule than that intended. All that petitioner is requesting is an opportunity, assisted by competent legal counsel, to present testimony to the court supporting the original order of the probate court. This request is not unreasonable.

It is therefore ordered that the order of this Court dated July 19, 1949, setting aside the order of the probate court, is hereby vacated.