314 P.2d 891

The STATE of New Mexico, on the relation of Jose M. GALLEGOS, Petitioner,

v.

The Honorable D. A. MACPHERSON, Jr., Judge of Division IV of the District Court of the Second Judicial District of the State of New Mexico, Respondent.

No. 6247.

Supreme Court of New Mexico.

Aug. 22, 1957.

Lorenzo A. Chavez, Arturo G. Ortega, Melvin L. Robins, Albuquerque, for petitioner.

Frank L. Horan, Malcolm W. deVesty, Paul F. Henderson, Jr., Albuquerque, for respondent.

McGHEE, Justice.

134

This is an original proceeding for writ of mandamus on the relation of Jose M. Gallegos against the Honorable D. A. Macpherson, Jr., a District Judge of the Second Judicial District.

Petitioner filed his claim for workmen's compensation against the City of Albuquerque on August 12, 1955. On June 5, 1956, the jury's verdict found the issues in favor of the Petitioner and judgment in accordance therewith was filed on June 21, 1956. The Respondent, City of Albuquerque filed a motion for a new trial on June 28, 1956, which was subsequently argued, and on September 19, 1956, the court granted a new trial on the grounds that the verdict was excessive. On petition an Alternative Writ of Mandamus was issued by this Court directing the order be vacated or that Respondent show cause at a stated time why he had not done so.

Relator argues that mandamus should issue on the theory that under the Workmen's Compensation Act the trial judge does not have power to entertain a motion for or grant a new trial where the jury has resolved questions of fact.

We stated in Cienfuegos v. Pacheco, 56 N.M. 667, 248 P.2d 664, 666, that:

"It has long been well established in New Mexico that the granting of a new trial rests within the discretion of the trial court and will be reviewed only for a clear abuse of that discretion."

■ There are circumstances in which the granting of a new trial is an abuse of discretion and reviewable by mandamus. See, State ex rel. Cardenas v. Swope, 58 N.M. 296, 270 P.2d 708, where change of venue was in question and refusal of mandamus would have necessitated an additional trial calling for reversal and then a subsequent trial. See, also, Hudson v. Herschbach Drilling Co., 46 N.M. 330, 128 P.2d 1044.

■■ The instant case does not involve such circumstances. We pointed out in Elsea v. Broome Furniture Company, 47 N.M. 356, 143 P.2d 572, a workmen's compensation case, that a new trial is a matter within the court's discretion. Further, our decision here is controlled by Battersby v. Macpherson, Jr., No. 6212, in which the circumstances were almost identical with those of the instant case. There, the relator sought by writ of prohibition to restrain the district judge from granting a new trial in a workmen's compensation action on the same grounds, lack of jurisdiction under the act, as raised in this case. We sustained a motion to dismiss. Under these facts, where prohibition will not lie, mandamus will not lie.

The Alternative Writ was improvidently issued and it will be quashed.

It is so ordered.

LUJAN, C. J., and SADLER, COMPTON and KIKER, JJ., concur.