332 P.2d 1028

Charles P. BATTERSBY, Plaintiff-Appellant,

v.

BELL AIRCRAFT CORPORATION, Employer, and Aetna Casualty and Surety Company, Insurer, Defendants-Appellees.

No. 6402.

Supreme Court of New Mexico.

Dec. 16, 1958.

Shipley & Seller, Alamogordo, for appellant.

W. C. Whatley, Las Cruces, Gilbert, White & Gilbert, Santa Fe, for appellees.

COMPTON, Justice.

This is an appeal from an order vacating a judgment in a workmen's compensation case. For clarity, it should be stated that the proceeding is not one involving changed conditions of the workman.

The claim for compensation was filed in Otero County. The main question before the lower court was the extent of disability suffered by the claimant, and at a hearing on October 5, 1956, the court orally announced that a finding would be made that claimant was totally and permanently disabled from performing his usual and ordinary work.

On October 8, 1956, appellees filed a motion for a new trial. As an alternative, on October 10, 1956, they filed a motion to reopen the case for further hearing as to claimant's disability, in the event their motion for a new trial was overruled, and to require the claimant to undergo further medical examinations.

Subsequently, on October 20, 1956, the motion for a new trial was denied without objection. On the same day, judgment was entered pursuant to the prior announcement of the court, and fees for claimant's attorney were fixed at $1,500.

Thereafter, on January 10, 1957, over appellant's objection, the motion to reopen the case was sustained, as was an oral motion to vacate the judgment on the ground of "surprise", the ground urged in the motion to reopen. The order vacating the judgment directed claimant to report in Albuquerque on January 30, 1957, for further medical examination at the office of a surgeon selected by the court; further hearing was to be the next day.

When appellant sustained the injury, he was directed by his employer to Dr. Baumgartner, the company surgeon. Dr. Baumgartner treated him and at the trial gave the only medical evidence. Since the validity of the order vacating the judgment must rest on the motion to reopen, the motion is set forth as follows:

"The defendants move the Court, in the event their motion for a new trial is overruled, to reopen this case and to require the plaintiff to submit to further medical examination by *doctors other than Dr. Myron R. Baumgartner,* and for the hearing of the medical evidence which may be thus developed, and for grounds of motion state:

"1. That Dr. Baumgartner, who was called by and testified for the plaintiff in the trial of this case at Alamogordo on Friday, October 5, 1956, is the physician to whom defendant-employer referred the plaintiff

for examination and treatment upon the occasion when the plaintiff made complaint that he had been injured and required medical attention, and is the physician who examined and treated the plaintiff for the injury he said the plaintiff had suffered.

"2. That following the surgical operation and treatment given by said Dr. Baumgartner to the plaintiff, and under date of April 20, 1956, said Dr. Baumgartner made out and forwarded to both defendants his so-called surgeon's final report and bill, copy of which, marked Exhibit "A" is hereto attached, hereby referred to and made a part hereof, in which, among other things, he said that the plaintiff was discharged on April 13, 1956, as cured, and on April 16, 1956, was able to return to work, with the suggestion, however, that his work should involve no heavy lifting in the future.

"3. That said Dr. Baumgartner, following futile efforts on the part of the defendants to secure from him a written narrative report of his examinations, treatment and his opinion as to the physical condition of the plaintiff, failed ever to furnish such written narrative report and opinion, and because of his failure in this respect, was on September 4, 1956, contacted and interviewed by LaFel E. Oman, one of the attorneys for the defendants, and at that time and in that interview said physician informed Mr. Oman that the plaintiff had fully recovered and in his opinion no reason existed why the plaintiff could not return to and perform the normal duties of a painter and carpenter, with the exception, however, that the plaintiff should not lift heavy objects; and he never at any time told any representative of the defendants that the plaintiff, in his opinion, was otherwise disabled.

"4. That the defendants, believing from the written surgeon's *first* report and bill, made April 20, 1956, and from the statements made by Dr. Baumgartner to Mr. Oman on September 4, 1956, and being unable to secure the services of any other physician at Alamogordo to examine the plaintiff prior to the trial and be prepared to testify at the trial, went to trial with no thought or idea that Dr. Baumgartner would testify that the plaintiff is now and will not be able to perform the normal duties of a painter and carpenter.

"5. That the said Dr. Baumgartner was at the time of the trial and had been for some three or more years the examining physician at Alamogordo for the defendant-employer, and in that capacity, and having examined, cared

for and treated plaintiff at the instance of the employer-defendant and being thus possessed of knowledge which he knew the defendants did not have, was in duty bound to give to the defendants the benefit of his knowledge, his findings and his opinion respecting the plaintiff's physical condition prior to the time of the trial of this case; and his appearance at the trial as a witness for the plaintiff and the giving of testimony that in his opinion as a medical expert the plaintiff cannot do the things which in his report of April 20, 1956, and in his conference with Mr. Oman he had said the plaintiff could do was so prejudicial to the rights and interests of the defendants as to require the reopening of this case and the affording to the defendants of the right and opportunity to have an independent examination of the plaintiff and the privilege of furnishing to the court such testimony as might be thus developed, to the end that a just and true determination of the plaintiff's present physical condition might be had.

"6. *That the testimony given by Dr. Baumgartner at the trial of this case came as a complete surprise to the defendants and an injustice has been done."* (Emphasis ours.)

■ It is well established that appellate courts will not interfere with the action of the trial court in granting new trials or vacating judgments except upon a showing of abuse of discretion. Elsea v. Broome Furniture Co., 47 N.M. 356, 143 P.2d 572; Hudson v. Herschbach Drilling Co., 46 N.M. 330, 128 P.2d 1044. Turning to the record, we see that appellees, after hearing the doctor testify, rested their case without challenging his evidence. No continuance or postponement was sought as a result of his evidence. He was not interrogated as to his report to the company nor as to the statements made to appellee's attorney. The record is silent in this respect. Even their motion for a new trial was based on the sufficiency of the evidence to support the findings. Thus, they were given every opportunity to fully develop their defense, and in accordance with their legal duty, are presumed to have exhausted their proof. This evidence affords no valid basis for vacating the judgment.

■ It is as equally settled that a party may be relieved of a judgment entered through surprise in a proper case. Rule 60(b), our Rules of Civil Procedure. This rule provides a reservoir of equitable power to do justice in a given case, but as wholesome as it is, it is limited in its application. The rule may be invoked only upon a showing of exceptional circumstances. Obviously, the showing made does

not justify the granting of equitable relief on the grounds of "surprise" even if Rule 60(b) is applicable to Workmen's Compensation cases, a question we do not decide.

As a side issue, there was a further hearing held in Albuquerque, September 12, 1957, pursuant to the order of January 10, 1957. Judgment was again entered for the claimant finding his disability to be 25 per cent and fixing attorney fees at $1,000. The validity of this judgment is vigorously challenged on appeal; however, the questions raised, interesting as they may appear to be, are purely academic and require no determination.

We must conclude that there was an abuse of sound judicial discretion in vacating the judgment. The cause should, therefore, be remanded with direction to the trial court to reinstate the judgment of October 20, 1956, set aside all subsequent proceedings and proceed in a manner not inconsistent herewith. An additional fee of $750 is allowed for the services of appellant's attorneys in representing him in this court.

It is so ordered.

LUJAN, C. J., and McGHEE, J., concur.

SADLER, J., not participating.

SHILLINGLAW, Justice (dissenting).

We reaffirmed in State ex rel. Gallegos v. Macpherson, 63 N.M. 133, 314 P.2d 891, that the trial court had jurisdiction:

"We pointed out in Elsea v. Broome Furniture Company, 47 N.M. 356, 143 P.2d 572, a workmen's compensation case, that a new trial is a matter within the court's discretion. Further, our decision here is controlled by Battersby v. Macpherson, Jr., No. 6212, in which the circumstances were almost identical with those of the instant case. There, the relator sought by writ of prohibition to restrain the district judge from granting a new trial in a workmen's compensation action on the same grounds, lack of jurisdiction under the act, as raised in this case. We sustained a motion to dismiss. Under these facts, where prohibition will not lie, mandamus will not lie."

It has long been established in this jurisdiction that a trial court's discretion will only be reviewed when there is a clear abuse of that discretion. State ex rel. Gallegos v. Macpherson, supra; Cienfuegos v. Pacheco, 56 N.M. 667, 248 P.2d 664. The record here discloses a sincere and conscientious attempt by Judge Macpherson to dispose of the serious problems confronting him in the trial of this case. I cannot agree that he, clearly abused his discretion in doing so. Accordingly,

I dissent.