415 P.2d 837

STATE of New Mexico, Plaintiff-Appellee,

v.

Julian ROMERO, Defendant-Appellant.

No. 8071.

Supreme Court of New Mexico.

July 5, 1966.

**450**

Edward T. Johnson, Santa Fe, for appellant.

Boston E. Witt, Atty. Gen., Myles E. Flint, James V. Noble, Asst. Attys. Gen., Santa Fe, for appellee.

OPINION

LaFEL E. OMAN, Judge, Court of Appeals.

The appellant, Julian Romero, was accused by criminal information filed August 6, 1958, with the crime of sodomy. Sometime during the month of September, 1958, the court appointed an attorney to represent appellant throughout the district court proceedings.

On September 19, 1958, an amended criminal information was filed accusing appellant with attempt to commit sodomy.

Appellant was arraigned on either the original charge or on the charge set forth in the amended information. It is not entirely clear from the record upon which charge he was arraigned. However, he testified that he was arraigned on the charge of attempt to commit sodomy and has so stated in his brief in chief. It is admitted, and there is no question about the facts, that he conferred with his court-appointed attorney and that the attorney was present with appellant when he was arraigned and entered a plea of not guilty.

On December 8, 1958, a second amended criminal information was filed in which he was accused, in three separate counts, with attempt to commit sodomy, sodomy, and assault with intent to commit a felony, to-wit, sodomy. He appeared before the court for arraignment on these charges on De-

cember 9, 1958. He pleaded guilty to the charge of assault with intent to commit a felony, to-wit, sodomy, and the remaining two counts of the information were dismissed.

On December 9, 1958, the court entered a judgment and sentence upon the plea of guilty, and pursuant thereto appellant was confined in the New Mexico Penitentiary. He completely served his sentence and was released.

Then on September 8, 1965, long after he had served his sentence and been released, he filed what he denominated a "Petition for Writ of Error Coram Nobis," contending that the judgment and sentence of the court are illegal and unconstitutional. The particular claim with which we are here concerned, and which is the only basis here urged for the claimed illegality of the judgment and sentence, is that the court-appointed attorney did not represent him throughout the district court proceedings and, in particular, was not present at the proceedings on December 9, 1958, when appellant pleaded guilty to the one count of the second amended information. The material allegations of the petition, as hereinafter set out, were broader than the present contention of appellant.

One of the defenses asserted by appellee to the petition was that writs of coram nobis have been abolished in New Mexico. However, the trial court, by agreement of the parties, proceeded to hear the matter on its merits and both sides adduced their evidence and rested.

The court expressed some doubts as to whether he should entertain the petition, but since he heard the matter on its merits and found, among other things, that appellant was represented by his court-appointed counsel throughout the district court proceedings, including his arraignment and sentencing on December 9, 1958, and since appellant, by his first two points relied on for reversal, which he argues together, attacks this finding, we will first dispose of the question of the propriety of this finding.

■■ Appellant testified that his court-appointed attorney did not represent him throughout the district court proceedings, and was not present at the proceedings on December 9, 1958. The state offered evidence to the contrary. The trier of the facts, and not this court, is the judge of the credibility of the witnesses and the weight to be given the evidence. Kilpatrick v. State, 58 N.M. 88, 265 P.2d 978; Allsup v. Space, 69 N.M. 353, 367 P.2d 531; Dodson v. Eidal Manufacturing Company, 72 N.M. 6, 380 P.2d 16. Since there is substantial evidence to support the finding, the same is conclusive on appeal. Utter v. Marsh Sales Company, 71 N.M. 335, 378 P.2d 374; Hummer v. Betenbough, 75 N.M. 274, 404 P.2d 110. Thus appellant must fail on his appeal.

However, he argues under his third point that the court necessarily had to determine that a writ of coram nobis was a proper remedy, before proceeding to a determination on the merits of the validity of the judgment and sentence of December 9, 1958. We are of the opinion that appellant's petition asserted an error of such fundamental character that the trial court properly exercised its jurisdiction and properly heard and determined the matter on the merits. In his petition appellant alleged that:

"Throughout the entire proceedings in said cause defendant was never fully advised of his rights to counsel and to a preliminary examination with counsel; that he was not otherwise aware of such rights; that he did not competently and intelligently waive any of such rights at any stage of the proceedings against him; that throughout said proceedings he was financially unable to employ counsel and none was furnished or offered him;"

These allegations were denied.

As already stated above, the trial court found appellant was represented by counsel throughout the district court proceedings. However, he pleaded not guilty to the original charge of sodomy and was afforded a preliminary hearing before a justice of the peace. The court found that, prior to his arraignment in district court, he did not have the services of legal counsel; that he was then financially unable to employ counsel; that he was not fully advised of his right to counsel; and that counsel was not furnished or offered to him. The trial court, however, concluded that he had waived any defects in the proceedings prior to arraignment, and he has made no attack here on this conclusion. The right to be represented by counsel at a preliminary hearing, as well as the preliminary hearing itself, can be waived. Sanders v. Cox, 74 N.M. 524, 525, 395 P.2d 353.

Appellant's petition, although named a petition for writ of coram nobis, in fact amounts to a motion seeking an order declaring the judgment on his plea of guilty to be void. Had the truth of the averments of the petition, as set forth above, been established, then the judgment and sentence of the court would unquestionably have been void. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357; Farnsworth v. United States, 98 U.S. App.D.C. 59, 232 F.2d 59 (D.C.Cir.1956).

Rule 60(b), Rules of Civil Procedure, § 21-1-1 (60) (b), N.M.S.A.1953, expressly abolishes certain common law writs, among which are writs of coram nobis. At common law such writs were issued out of chancery and were and still are generally considered to be civil in nature, even though used to question a judgment and sentence in a criminal case. People v. Kemnetz, 296 Ill.App. 119, 15 N.E.2d 883; State ex rel. Meyer v. Youngblood,

221 Ind. 408, 48 N.E.2d 55; Hawk v. State, 151 Neb. 717, 39 N.W.2d 561; State v. Ray, 111 Kan. 350, 207 P. 192; Elliott v. Commonwealth, 292 Ky. 614, 167 S.W.2d 703; Commonwealth v. Sirles, (Ky.), 267 S.W.2d 66; 18 Am.Jur.2d, Coram Nobis, Section 2, p. 451; 24 C.J.S. Criminal Law § 1606(2), p. 669.

Our Rule 60(b), Rules of Civil Procedure, is identical with Rule 60(b), Federal Rules of Civil Procedure, insofar as the question here involved is concerned, and our rule is patterned after the federal rule.

■ In the adoption of Rule 60(b), Federal Rules of Civil Procedure, as well as in the adoption of our Rule 60(b), it was the intent to retain all the substantive rights protected by the old common law writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, but to eliminate the niceties of form of these writs. 6 Moore's Federal Practice, § 60.01(8); 7 Moore's Federal Practice, §§ 60.36–60.37; 3 Barron and Holtzoff, Federal Practice and Procedure, § 1331; Oliver v. City of Shattuck, 157 F.2d 150, 152, 153 (10th Cir.1946); Wallace v. United States, 142 F.2d 240 (2d Cir.1944). The purpose of the rule was to substitute in place of these writs a simplified procedure whereby the same questions of right could now be raised by motion.

Our Rule 60(b) (4), which is identical with Federal Rule 60(b) (4), provides that:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

" * * *

"(4) the judgment is void."

■■ As already stated, had the plaintiff's claims been proven to be true, the judgment and sentence of the court would have been void. Therefore, it follows that the plaintiff could properly have proceeded by motion under Rule 60(b) (4) to attack the validity of the judgment and sentence. Although he chose to entitle his pleading a "Petition for Writ of Error Coram Nobis," we regard it as a motion in accordance with the provisions of our said rule.

Since our Rule 60(b), as well as the Federal Rule 60(b), imposes a limitation of time within which a motion thereunder may be made, we feel we should properly rule upon the question of the limitation under Rule 60(b) (4), which is the particular subsection here involved. The only time limitation set forth in Rule 60(b), which might possibly be said to apply to the making of a motion to have a judgment declared void, is that "[t]he motion shall be made within a reasonable time."

Because we are concerned with the question of substantive rights which could have been raised by the old writ of coram nobis, and because we are further concerned with

**454**

the question of a void judgment, it would seem only proper that we should consider the time limitation applicable to these questions.

■ At common law it appears that there was no limitation of time within which a petition for a writ of coram nobis might be made, except perhaps laches, Federal Relief From Civil Judgments, Moore and Rogers, 5 Yale L. J., 623, 674; State v. Huffman, 207 Or., 372, 297 P.2d 831, 852. In Scott v. Rees, 300 Mo. 123, 253 S.W. 998, it was held that a motion for writ of coram nobis "has no limitation as to time."

In Haywood v. United States, 127 F.Supp. 485 (S.D.N.Y.1954), it was stated that "[t]o permit a defense of laches to the writ [coram nobis] would, in effect, denude it of one of its essential characteristics—the power to hurdle a time factor." This language was approved in Farnsworth v. United States, supra.

In Commonwealth v. Brewer, 170 Pa. Super. 251, 85 A.2d 618, it was held that the remedy of coram nobis "ordinarily will not be denied because of the mere lapse of time," and that "[i]n a proper criminal case the writ may be invoked long after the term in which judgment of the sentence was entered, on the theory that if the sentence was invalid in the first instance, it remained a nullity despite the lapse of time."

■ It is only logical that a void conviction cannot be vitalized by the lapse of time. To this effect, in addition to the above cited cases, see United States v. Morgan, 222 F.2d 673, (2d Cir.1955); Haywood v. United States, supra; United States v. Di Martini, 118 F.Supp. 601.

■ It follows necessarily that there is no limitation of time within which a motion must be filed under the provisions of Rule 60(b) (4). See Austin v. Smith, 114 U.S.App.D.C. 97, 312 F.2d 337, 343 (1962); Crosby v. Bradstreet Company, 312 F.2d 483, 485 (2d Cir.1963). (In Crosby it is not expressly stated that a time limitation is not applicable, but the period involved was almost thirty years); Marquette Corporation v. Priester, D.C., 234 F.Supp. 799, 802; 3 Barron and Holtzoff, Federal Practice and Procedure, § 1327.

■ We hold that the trial court properly had and properly exercised jurisdiction over the matters presented by appellant's petition, which was in effect a motion under Rule 60(b) (4). We have reached this conclusion being fully aware of the holdings in the case of United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, and the many federal cases which have held that there still exists the writ of coram nobis, or a motion in the nature of a writ of coram nobis. In the Morgan case, the United States Supreme Court referred to the application for a writ of coram nobis as "a motion in the nature of a writ of error coram nobis enabling the trial court

to properly exercise its jurisdiction." To the extent that the United States Supreme Court, in that case, held that it did not think Rule 60(b), expressly abolishing the writ of coram nobis in civil cases, applied in cases such as this, we disagree.

Since this case was disposed of on the merits, and we find no error by the trial court, the order and judgment are affirmed.

It is so ordered.

CHAVEZ and NOBLE, JJ., concur.