563 P.2d 605

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Anthony LUCERO, Defendant-Appellant.**

**No. 2714.**

Court of Appeals of New Mexico.

Feb. 22, 1977.

Certiorari Quashed April 15, 1977.

Mary C. Walters, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., John J. Duran, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant's bribery convictions were affirmed by this Court in a memorandum opinion. *State v. Lucero,* (Ct.App.) No. 1810, decided May 11, 1976. Subsequently, defendant moved for a new trial. The trial court denied the motion; defendant appeals. We discuss: (1) the motion, (2) denial of the motion, and (3) matters outside the record.

### The Motion

Rule 60(b) of the Rules of Civil Procedure abolishes the common law writ of coram nobis but authorizes relief from a "final judgment, order, or proceeding" on six specified grounds. Ground (2) involves newly discovered evidence; ground (4) involves a void judgment; and ground (6) involves "any other reason justifying relief".

Defendant's motion sought a new trial "under the provisions of Rule 60(b)(2) and 60(b)(6) (*State v. Romero,* 76 N.M. 449, 415 P.2d 837 [1966]; *State v. Raburn,* 76 N.M. 681, 417 P.2d 813 [1966]) . . . ."

Although Rule 60(b) is a *civil* rule, *State v. Romero, supra,* held that where a prisoner had served his sentence and had been released, this civil rule could be utilized to seek relief from a criminal judgment claimed to be void. This result was based on an intent to retain all substantive rights protected by the old writ of coram nobis. See *State v. Raburn, supra; Roessler v. State,* 79 N.M. 787, 450 P.2d 196 (Ct.App. 1969), cert. denied, 395 U.S. 967, 89 S.Ct. 2115, 23 L.Ed.2d 754 (1969).

Defendant's motion did not seek relief on the basis that the judgment was void (ground (4)). Rather, it sought relief on the basis of newly discovered evidence and "other reasons" (grounds (2) and (6)). New Mexico decisions have not authorized relief in a *criminal case* under grounds (2) and (6) of Civil Rule 60(b).

█ The State moved to dismiss the appeal on the basis that Civil Rule 60(b) did not authorize a new trial in a criminal case. This Court denied the motion. The denial was not on the basis that grounds (2) and (6) of Civil Rule 60(b) authorized a new trial in a criminal case; we did not consider this question. We denied the State's motion to dismiss because Rule 45 of the Rules of Criminal Procedure is authority for the trial court to grant new trials in criminal cases. Defendant's motion was properly before the trial court under the criminal rule; the State's claim that the trial court had no jurisdiction because of lack of authority to consider the motion is without merit.

### Denial of the Motion

Defendant asserts the motion for a new trial was "based upon information contained in the affidavits of Richard Martinez and Robert A. Nickerson, which affidavits were attached to the motion." This is incorrect. No affidavits were attached to the

motion; the Martinez affidavit was filed later; no Nickerson affidavit was filed or tendered in support of the motion. Items before the trial court at the motion hearing were the Martinez affidavit and testimony of witnesses adduced at the hearing.

■ Defendant sought a new trial on the grounds of newly discovered evidence. To obtain a new trial on this ground, there must be a showing that there is in fact such evidence; movant must inform the court as to this evidence or satisfactorily explain why it is not presented to the court. *State v. Klasner,* 19 N.M. 474, 145 P. 679 (1914); see *State v. Gomez,* 75 N.M. 545, 408 P.2d 48 (1965). This requirement was not met for two of the three claims of defendant.

One of the claims was that a State's witness, contrary to the trial court's admonition, had discussed her testimony with other witnesses during the course of the trial. The evidence of this at the motion hearing was entirely speculative. Another claim was that the State, contrary to the trial court's orders for discovery, withheld certain "logs" from the defendant. Testimony at the new trial hearing was that these "logs" were records of the Construction Industries Commission which "normally" showed the names of persons taking examinations and the date of the examinations. However, the testimony was that these logs had been returned to the commission some six weeks in advance of the new trial hearing. The "logs" were not offered as evidence at the new trial hearing; there is no showing that they had been subpoenaed; the record shows no effort to have the logs present in court. Defendant neither informed the court as to the evidence nor explained why it was not presented.

Defendant did show the existence of the evidence on the third claim—testimony of Martinez concerning the date of certain license applications. Even when the evidence is shown to exist, the requirements stated in *State v. Fuentes,* 67 N.M. 31, 351 P.2d 209 (1960) must be met in order to obtain a new trial on the basis of newly discovered evidence. See also *State v. Gomez, supra.*

■ One of the requirements is that the newly discovered evidence "[m]ust be such as by reasonable diligence on the part of the defendant could not have been secured at the former trial." This requirement was not met concerning the Martinez testimony. The record shows that Martinez had been charged with an offense similar to the charges against defendant, that for a time the same attorney represented both Martinez and defendant, that after the attorney ceased to represent Martinez, this attorney suggested to Martinez that he be present when a deposition was taken, and that Martinez was present during defendant's trial. An amended statement of facts filed by the State prior to trial states that defendant received a bribe "by and through" Martinez. A holding that the Martinez testimony could not have been secured for defendant's trial would have been incredible; the record is overwhelming that the testimony could have been secured.

Defendant also claims that he should have been granted a new trial because his prior trial was unfair. This contention has two aspects.

■ One aspect is that the multiplicity of counts and the evidence introduced in connection with those counts, deprived him of a fair trial. The record does not support the contention—four of the eight counts were dismissed; the jury acquitted on two counts and convicted on two counts. See *State v. Sero,* 82 N.M. 17, 474 P.2d 503 (Ct.App. 1970). Defendant's claim that retrial on two counts would be simpler and less complicated does not establish that his prior trial was unfair.

■ The other aspect is that the State's withholding of the "logs" denied defendant a fair trial. We do not reach the merits of whether the "logs" were improperly withheld. Assuming, but not deciding, that they were, the "logs" were never presented to the trial court so that it could determine whether they were "material" or whether the withholding "prejudiced" the defense. See the review undertaken in *State v. Rondeau,* 89 N.M. 408, 553 P.2d 688 (1976) and

*Chacon v. State,* 88 N.M. 198, 539 P.2d 218 (Ct.App. 1975).

There was no error in denying the motion for a new trial on the grounds asserted by defendant.

*Matters Outside the Record*

Attached to the docketing statements were two affidavits. The affidavits were by Robert A. Nickerson and Anthony E. Lucero, Jr.; they are dated October 1, 1976.

Defendant asks this Court to consider these affidavits in deciding whether the trial court erred in denying the motion for a new trial. The hearing on the motion for a new trial was held September 15, 1976, and the order denying the motion was entered September 21, 1976. Thus, defendant asks us to hold that the trial court erred on the basis of affidavits which not only were not brought to the trial court's attention, but did not exist at the time of the motion hearing.

No rule authorizes exhibits to docketing statements. Exhibits to briefs neither identified nor tendered as exhibits to the trial court will not be considered. See *State v. Rogers,* (Ct.App.) No. 2652, decided February 15, 1977, and cases therein cited. The same approach is applicable to the affidavits attached to the docketing statement. The affidavits have not been considered.

The order denying the motion for a new trial is affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.