582 P.2d 819

**PHELPS DODGE CORPORATION,**
Petitioner,

v.

**Pablo (Paul) GUERRA, Respondent.**

No. 11792.

Supreme Court of New Mexico.

July 10, 1978.

Rehearing Denied Aug. 21, 1978.

Shantz, Dickson & Young, Silver City, Sutin, Thayer & Browne, LaFel E. Oman, Santa Fe, for petitioner.

Neumeyer & Hill, Glenn B. Neumeyer, Las Cruces, for respondent.

## OPINION

EASLEY, Justice.

Plaintiff Pablo Guerra (Guerra) filed suit for workmen's compensation against the defendant Phelps Dodge Corporation (Phelps). The trial court dismissed the claim on the ground that Guerra had settled the claim along with a previous compensation case between the parties. The Court of Appeals held for Guerra and awarded him attorneys fees for the appeal. We reverse the Court of Appeals as to all issues and sustain the decision of the trial court.

The controlling issue is whether, as a matter of law, the trial court is precluded from going behind an unambiguous judgment and considering evidence, the admission of which was stipulated to by the parties and which clearly shows that the claim sued on was previously paid. Subsidiary issues relate to whether the stipulated facts fairly bring this case within the purview of N.M.R.Civ.P. 60(b)(5) [§ 21–1–1(60)(b)(5), N.M.S.A. 1953 (Repl.1970)], and whether an award of attorney's fees on appeal was proper.

After injuring his back on September 26, 1972, Guerra received weekly benefits. He later filed a claim for workmen's compensation, alleging only the 1972 injury. The doctors released him for work as fully cured, although he was still having some trouble with his back. On March 8, 1974, he fell and again injured his back in the same general area as before. Plaintiff was paid weekly benefits for the second injury. Plaintiff did not make a new accident report. Defendant reported it as an "old injury."

On February 14, 1975, a stipulated settlement agreement and judgment were filed. These two documents made reference to the claim filed for the first injury but did not mention the second injury.

On September 19, 1975, Guerra filed this claim based on his second injury. Phelps claimed in its answer that Guerra had been paid compensation and medical expenses resulting from the second injury at the time the stipulated settlement agreement and judgment had been entered previously. The parties stipulated that the trial court "should" consider all pleadings, depositions, exhibits, attachments to pleadings, the transcript of proceedings in the first cause, medical reports of Dr. Van Horman and certain correspondence between the attorneys for the parties.

The stipulated documents reflect that Guerra was released as cured by the doctors after treatment for the first injury and after he had been paid compensation for the time that he was off the job. He felt that he could go back to work and that there was nothing wrong with him any more. Guerra's attorney and the doctor made statements that he was "completely healed of the residuals and all of the injuries." The second injury occurred later.

The record shows that the two injuries were considered as one injury in the statement showing the compensation paid to Guerra over the entire period, in the listing of the dates and amounts of medical expenses incurred, in the doctor's reports wherein one percentage figure for disability was used, obviously for both injuries, and in the letters exchanged between Guerra's attorney and Phelps' attorney.

After Guerra had been off work and had been treated medically for the second injury for a considerable length of time, and on being questioned at the time the settlement agreement was presented to the trial court for approval, Guerra answered in the affirmative when asked if he was aware that "this is a settlement of your entire workmen's compensation claim" and "this will terminate your workmen's compensation benefits with Phelps Dodge Corporation."

There is other substantial evidence in the documents that were admitted by stipulation that tends to show that the intention of the parties and their attorneys was to settle the claims of Guerra for both injuries, with the second injury being considered as an aggravation of the first or, inferentially, simply lumped in with it for convenience.

*Decision of the Trial Court*

The trial court dismissed the second claim of Guerra after finding that the parties agreed that the court should consider all the pleadings and other papers in the court file. The court further found that the "intent and understanding of the parties on February 14, 1975, was to settle both accidents and the resulting injuries and disabilities suffered by Plaintiff therefrom." These findings were not objected to below.

*Court of Appeals Decision*

The Court of Appeals in a memorandum opinion held as a matter of law that the

trial court could not go behind the judgment and the stipulation incorporated therein, citing *Owen v. Burn Const. Co.*, 90 N.M. 297, 563 P.2d 91 (1977) and other authorities, even though the parties had agreed that the other evidence should be considered by the trial court. That court also awarded attorney's fees to Guerra.

### Rule 60(b)

The general rules regarding 60(b) actions are reasonably well-settled in New Mexico and elsewhere in jurisdictions employing the Federal Rules or modifications thereof.

■ Judgments of a district court are presumptively correct. *Louis Lyster General Contr., Inc. v. City of Las Vegas*, 83 N.M. 138, 489 P.2d 646 (1971); *State v. Glens Falls Insurance Company*, 78 N.M. 435, 432 P.2d 400 (1967); *Porter v. Mesilla Valley Cotton Products Co.*, 42 N.M. 217, 76 P.2d 937 (1937). It is horn-book law that a final judgment should not be lightly disturbed. 7 Moore's Federal Practice ¶ 60.19, at 237 (2d ed. 1975); *Southern Pacific Railr'd v. United States*, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355 (1897). To allow a party to correct alleged errors of law at any time by means of Rule 60 would significantly weaken the policy of finality embodied in the rules. *Warner v. City of Bay St. Louis*, 526 F.2d 1211 (5th Cir. 1976).

■ Rule 60, however, was created to provide a simplified method for correcting errors in final judgments. *State v. Romero*, 76 N.M. 449, 453, 415 P.2d 837, 839 (1966). The rule provides a reservoir of equitable power to do justice. *Battersby v. Bell Aircraft Corporation*, 65 N.M. 114, 332 P.2d 1028 (1958), but it is not to be used as a substitute for appeal. *Chavez v. Village of Cimarron*, 65 N.M. 141, 146, 333 P.2d 882, 885 (1958); *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950). Where the rule is properly invoked, it should be liberally construed for the purpose of doing substantial justice. *Klapprott v. United States*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949); *Schwab v. Bullock's, Inc.*, 508 F.2d 353 (9th Cir. 1974); *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951); *see Battersby, supra*.

■ The intendment of Rule 60(b) is to carefully balance the competing principles of finality and relief from unjust judgments. The courts should and do give it liberal construction, 7 Moore's Federal Practice ¶ 60.18(8), at 216.1 (2d ed. 1975). The courts, however, must consider whether there are any intervening equities that make it inequitable to grant relief. *Weisberg v. Garcia*, 75 N.M. 367, 404 P.2d 565 (1965); *Erick Rios Bridoux v. Eastern Air Lines*, 93 U.S.App.D.C. 369, 214 F.2d 207 (1954); *Tozer, supra; Vecchione v. Wohlgemuth*, 426 F.Supp. 1297 (E.D.Pa.1977); *In re Cremidas' Estate*, 14 Alaska 234, 14 F.R.D. 15 (1953).

■ No court has authority to open or vacate a judgment without some material grounds to support the claims on which the application for relief depends. *See Springer Corporation v. Herrera*, 85 N.M. 201, 510 P.2d 1072 (1973). The pleading should contain allegations which if true would invalidate the judgment or destroy its effect as to the matters under complaint. *Berry v. Chitwood*, 362 S.W.2d 515 (Mo.1962).

■ It is convenient for the petitioner if the existence of the grounds for relief is obvious from the record, but there are many cases, like this one, in which the introduction of extrinsic evidence is necessary and is deemed proper, contrary to the holding of the Court of Appeals in this case. *Arias v. Springer*, 42 N.M. 350, 78 P.2d 153 (1938).

### Application of Rule 60(b)

■ In our case Phelps' request for relief did not specifically mention Rule 60(b). The pleading simply stated that the claim for the second injury had been settled and paid. The manner in which the relief is requested and the nomenclature used is not significant. *State v. Romero*, 76 N.M. 449, 415 P.2d 837 (1966); *Turknett v. Western College*, 19 N.M. 572, 145 P. 138 (1914); *Kassman v. American University*, 178 U.S. App.D.C. 263, 546 F.2d 1029 (1976); *See*

*Winfield Associates, Inc. v. Stonecipher,* 429 F.2d 1087 (10th Cir. 1970); *In re Cremidas, supra.* Quite obviously the facts bring this case within Rule 60(b)(5) which permits a judgment to be opened when there is a meritorious allegation that a claim has been "satisfied, released, or discharged."

Our courts and others have not hesitated to afford equitable relief against a judgment, if to enforce it would give an unconscionable advantage to one party, procured through his own excusable mistake or through unavoidable accident on the part of the other litigant. *Turknett, supra; Oliver v. City of Shattuck,* 157 F.2d 150 (10th Cir. 1946).

> One of the long recognized grounds of relief from a judgment, is an agreement or understanding between the parties, which if observed would have obviated the judgment, especially if the agreement operated to lull the judgment debtor into security and inactivity in order that some unconscientious advantage could be taken of him.

*Id.* at 153.

■ Setting aside a judgment under Rule 60(b) is discretionary with the trial court. *Springer Corporation, supra; Weisberg, supra; Adams & McGahey v. Neill,* 58 N.M. 782, 276 P.2d 913 (1954); *Foundation Reserve Ins. Co. v. Martin,* 79 N.M. 737, 449 P.2d 339 (Ct.App.1968). Appellate courts will not interfere with the action of the trial court in vacating a judgment except upon a showing of abuse of discretion. *Battersby, supra.*

■■ The court should be liberal in determining what constitutes good cause to vacate a judgment so that the ultimate result will address the true merits and substantial justice will be done. *Weisberg, supra.*

Our Court in *Home Savings & Loan Ass'n v. Esquire Homes, Inc.,* 87 N.M. 1, 528 P.2d 645 (1974) had under consideration a petition for relief from a six year old default deficiency judgment in a mortgage foreclosure action in which the defendant sought to open the judgment on the grounds that defendant had been released from all liability prior to the time the judgment was entered. The trial court received evidence that a letter of release had been issued by the plaintiff and found that the debtor had a meritorious defense. This Court held that the deficiency judgment was unjust and should be set aside. The facts in *Home Savings* are reasonably analogous to those in the instant case.

In *Gilmore v. Griffith,* 73 N.M. 15, 385 P.2d 70 (1963), a wife sued for the gambling losses of her husband against defendants who claimed that they had been advised by the wife that a divorce action she had filed against her husband would terminate the suit. The defendants, therefore, did not contest the complaint and a default judgment was entered. The trial court set aside the default judgment and this Court held that it was not an abuse of discretion.

*Owen, supra,* relied upon by the Court of Appeals, is not applicable. The person who attacked the results of that judgment was not a party to the suit in which it was rendered, thus it was a collateral attack and not a direct one as is true here. The case was not tried at any level as a Rule 60(b) action. *See Lemon v. Morrison-Knudsen Co.,* 58 N.M. 830, 277 P.2d 542 (1954).

Rule 60(b) is tailored to fit exactly the type of situation that exists here. To have before us such substantial, persuasive and admissible evidence that Guerra has been paid all that he was ever entitled to receive from Phelps, and then refuse to reopen the judgment is not consistent with substantial justice. We hold that the interest of maintaining the finality of judgments is overridden in this case by the desirability of avoiding an unwarranted windfall to Guerra. We find no intervening equities which make it inequitable to grant the relief requested. We see no abuse of discretion by the trial judge in sustaining the motion to dismiss this case.

■ In light of the above holdings, we reverse the Court of Appeals also on the issue of the award of attorney's fees to Guerra for the appeal to the Court of Appeals. We are constrained to state that,

**52**

even if Guerra had prevailed in this Court on the other issues, the awarding of attorney's fees would have been in error since, even if Guerra had won this appeal, there would not yet have been any decision by the trial court as to his entitlement to compensation until after the case had been remanded. Until there has been an award of compensation at the trial court level, an allowance of attorney's fees is improper. § 59–10–23(D), N.M.S.A. 1953 (Repl.1974); *Geeslin v. Goodno, Inc.*, 75 N.M. 174, 402 P.2d 156 (1965); *Ennen v. Southwest Potash Company*, 65 N.M. 307, 336 P.2d 1062 (1959).

The decision of the Court of Appeals is reversed and the trial court's decision is affirmed.

IT IS SO ORDERED.

McMANUS, C. J., and PAYNE and FEDERICKI, JJ., concur.

SOSA, J., not participating.