# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.                                                           NO. 29,060

**JAIME ROMERO,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Michael E. Vigil, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Offices of Nancy L. Simmons
Nancy L. Simmons
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**CASTILLO, Judge.**

Defendant appeals an amended judgment and sentence finding that he is an habitual offender with two priors. We proposed to affirm. Defendant has responded

to our proposal. We have considered his arguments and not being persuaded, we affirm.

In his docketing statement, Defendant raised three issues: (1) that the filing of the supplemental information constituted prosecutorial vindictiveness; (2) that Defendant's due process rights were violated by the late filing of the supplemental information; and (3) that his right to a speedy trial was violated by the late filing of the supplemental information. In his response, Defendant specifically addresses only the first two issues. Defendant does not waive the third issue, but does not provide us with any additional facts or arguments. Therefore, for the reasons stated in the first notice, we affirm this issue. *See State v. Sisneros*, 98 N.M. 201, 202-03, 647 P.2d 403, 404-05 (1982).

In our notice, we noted that Defendant had alleged no evidence of prosecutorial misconduct other than the passage of time. [CN 2-3] We also noted that we have not been inclined to read prosecutorial vindictiveness into the discretionary decision to file a supplemental information. [CN 3] Defendant argues that these broad strokes do not adequately address the nuances of the evaluation described in *State v. Brule*, 1999-NMSC-026, 127 N.M. 368, 981 P.2d 782. We recognize that *Brule* makes it clear that prosecutorial vindictiveness is "notoriously difficult to prove and can usually only be inferred . . . from charging decisions or other prosecutorial conduct

outside the courtroom" *Id.* ¶ 4.

Here, the charging decision was upon a supplemental information. Defendant in his plea agreement had acknowledged that the State could bring habitual offender proceedings if he violated his probation. [RP 321-323] Defendant violated his probation, which meant that the State could bring habitual offender proceedings against Defendant. As we stated in our calendar notice, the decision to file a supplemental information is not a basis for a claim of prosecutorial vindictiveness. *State v. Duncan*, 117 N.M. 407, 409-11, 872 P.2d 380, 382-84 (Ct. App. 1994), *abrogated on other grounds by Brule*, 1999-NMSC-026, ¶¶ 3-6.

Defendant agrees that that is the general rule, but that there *may* be a case where the decision to file the supplemental information indicates vindictiveness. Theoretically, that may be so, but we cannot agree with Defendant that this is such a case. Defendant argued that the decision to file the supplemental information to include two, rather than only one, prior felony convictions is evidence of vindictiveness. He argues that his agreement to the plea was with the understanding that the State would only pursue one prior. We see nothing in the record showing that. Also, he argues that there is evidence from communications between defense counsel and the prosecutor that only one prior felony would be pursued. [RP 468] It does not appear that those communications were made part of the record below. They were

simply attached as exhibits to the docketing statement. Thus, they are not evidence that we will consider. *See State v. Lucero*, 90 N.M. 342, 345, 563 P.2d 605, 608 (Ct. App. 1977) (refusing to consider affidavits attached to docketing statement or exhibits attached to briefs that were not entered below).

There does not appear to be anything in the record showing that the prosecutor had a bad motive for filing the supplemental information. Defendant argues that we can presume it from the fact that Defendant took advantage of the plea, but then later the State changed its mind and pursued two priors. We cannot make such a presumption here. If the State had not wanted Defendant to take advantage of the plea, it would not have agreed to it. As we noted earlier, there is nothing in the plea agreement limiting the State to pursuing only one prior. Contrary to Defendant's assertion, we do not believe the facts here show that the prosecutor acted from some "hostility or punitive animus toward the defendant because he exercised a specific legal right." *Brule*, 1999-NMSC-026, ¶ 10 (emphasis omitted) (internal quotation marks and citation omitted).

Defendant argues that the State's pursuit of two priors rather than one violated due process because that is not what he agreed to. As we pointed out above, there is nothing in the record of the plea negotiations or in the plea agreement itself indicating that only one prior felony conviction was on the table. There is nothing on the record

4

indicating that there was a deviation from the plea agreement. Therefore, we decline to hold that there was a due process violation here.

For the reasons stated herein and in the notice of proposed disposition, we affirm the judgment and sentence.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**ROBERT E. ROBLES, Judge**