This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MANUEL TRUJILLO**,

    Plaintiff-Appellant,

v.                         **NO. 30,859**

**STATE OF NEW MEXICO,**
**SANDRA ENGEL, CITY OF**
**ALBUQUERQUE, RAY SCHULTZ,**
**and ERIC LOCHER**,

    Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Shannon C. Bacon, District Judge**

Manuel Trujillo
Albuquerque, NM

Pro Se Appellant

Jarmie & Associates
Albuquerque, NM

for Appellee Engel

Sara E. Lough
Albuquerque, NM

for Appellees Locher & Schultz

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Appellant claims that the district court erred in dismissing his complaint against two assistant City attorneys and a metropolitan court judge. We proposed to affirm in our second calendar notice, and Appellant responded with a memorandum in opposition. We have duly considered Appellant's arguments, but we find them unpersuasive. We affirm.

Appellant attached a number of documents to his memorandum in opposition. The documents are not included in the record proper from the district court and therefore will not be considered on appeal. *See Campos Enters. v. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855 (explaining that an appellate court reviews only matters that were presented to the trial court); *see also State v. Lucero*, 90 N.M. 342, 345, 563 P.2d 605, 608 (Ct. App. 1977) ("Exhibits to briefs neither identified nor tendered as exhibits to the trial court will not be considered [on appeal].").

In his memorandum in opposition, Appellant lists six issues, some of which include new claims that were not included in the docketing statement. Again, Appellant does not provide information to show how the issues he raises on appeal were preserved. As we explained in our second notice, in order to preserve an issue

2

for appeal, Appellant was required to invoke "a ruling of the trial court on the same grounds argued in the appellate court." *See Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987). Appellant was required to point to the specific portion of the record where he invoked a ruling on his issues. *See Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273. Appellant has not provided this Court with the information needed to show that his issues were properly preserved. Therefore, we will not address Appellant's claims.

Moreover, as explained in our second notice, Appellees were served with the complaint on September 3. With three days for mailing, the responses would have been due on October 6. Even without the addition of three days for mailing, the responses would have been due on Monday, October 4. At the hearing on Appellant's motion for default judgment, he was allowed to present his claim for default judgment to the district court and he was given an opportunity to provide the district court with all of the facts necessary to address his claim. Even if we agree that the response from Appellee Engel was untimely, a one-day time difference would not be grounds for a default judgment on Appellant's complaint for $300 million dollars. **[RP 8]**; *See Skeen v. Boyles*, 2009-NMCA-080, ¶ 46, 146 N.M. 627, 213 P.3d 531 (stating that default judgments are disfavored, such judgments are within the discretion of the

court, and where there is any doubt, a motion for default should be decided in favor of the defaulting defendant).

To the extent that Appellant includes claims related to responses to his motion for default judgment, reimbursement for damage to his vehicle, the case history from the district court, or allegedly altered documents, Appellant did not properly preserve these claims and there is no support for his claims in the record of the district court proceedings.  Therefore, we will not address Appellant's claims.

For the reasons discussed above, and in our second calendar notice, we affirm the decision of the district court.

**IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**LINDA M. VANZI, Judge**


_____
**TIMOTHY L. GARCIA, Judge**