This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**RONNIE GOMEZ,**

Worker-Appellant,

v.                                                                          **NO. 32,543**

**WAL-MART STORES and**
**AMERICAN HOME ASSURANCE,**

Employer/Insurer-Appellee.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Terry S. Kramer, Workers' Compensation Judge**

Ronnie Gomez
Los Lunas, NM

Pro Se Appellant

Hoffman Kelley, LLP
Jeffrey L. Federspiel
McKinney TX

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

Ronnie Gomez (Worker) appeals from an order of the Workers' Compensation Administration (WCA) dated November 8, 2012, ordering the clerk not to file or process the complaint submitted by Worker on October 26, 2012. [RP 567, 581] We issued a calendar notice proposing to summarily affirm, and Worker filed a memorandum in opposition. We remain unpersuaded by Worker's arguments and affirm.

In a memorandum opinion filed May 31, 2012, the WCA imposed filing restrictions on Worker. [RP 463] The opinion states, in pertinent part: "A process will be put in place to review any future complaints by [Worker] to assure that they are not being used in an effort to coerce benefits for which [Worker] may not be entitled." [RP 464] The record reflects that the WCA ordered the clerk not to file or process the complaint submitted by Worker on October 26, 2012. [RP 567] The order states, in pertinent part:

> There is no new material submitted in the [c]omplaint and the matters contained therein have been previously ruled upon. The submitted material is merely redundant of prior adjudicated matters.

[RP 567]

In our calendar notice, we proposed to summarily affirm because Worker did not explain in his docketing statement how the material contained in his complaint addressed matters not previously ruled upon. Worker has filed a memorandum in

2

opposition in which he continues to argue the merits of the claims contained in his complaint but does not explain how these claims addressed matters not previously ruled upon. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. Worker has failed to do so.

Worker has attached numerous documents, principally medical bills, to his memorandum in opposition. We will not consider documents attached to a docketing statement or memorandum in opposition that are not of record. *See, e.g.*, *State v. Lucero*, 90 N.M. 342, 345, 563 P.2d 605, 608 (Ct. App. 1977) (refusing to consider affidavits attached to docketing statement that were not considered below).

As a court of review, we will not consider the merits of Worker's arguments against his former employer in the first instance. Worker must first seek relief in the WCA. On account of his numerous filings that have been determined to be without merit, the WCA has imposed filing restrictions on Worker. These filing restrictions are not the subject of this appeal, and the time for appealing from these restrictions has passed. To the extent that Worker seeks to raise claims against his former employer that have not previously been adjudicated, his only avenue for relief is in the WCA.

Returning to the merits of this appeal, we have carefully reviewed the record and Worker's memorandum in opposition and conclude that the WCA did not err in refusing to file Worker's complaint because Worker sought to argue matters redundant of prior adjudicated matters. In other words, the claims that Worker seeks to make against his former employer have already been decided and will not be considered again. Accordingly, we affirm the WCA's order dated November 8, 2012, ordering the clerk not to file or process the complaint submitted by Worker on October 26, 2012. [RP 567, 581]

**IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____

**JAMES J. WECHSLER, Judge**


_____

**J. MILES HANISEE, Judge**